Appeal of Lawrence F. MAGUIRE
(Grand Jury Proceedings).

No. 77–1496.

United States Court of Appeals,
First Circuit.

Heard Dec. 8, 1977.
Decided Feb. 22, 1978.

William J. Carr, Boston, Mass. by appointment of the court, for appellant.

Paul Healy, Jr., Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., and Robert B. Collings, Asst. U. S. Atty., Chief, Criminal Division, Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The issue here is whether a district court can order such physical force as is reasonably necessary to compel a defiant grand jury witness to appear in a lineup and submit to fingerprinting.

The appellant, Lawrence F. Maguire, was asked by a grand jury investigating an armed robbery if he would voluntarily appear in a lineup and submit to fingerprinting. He responded that he would not. The grand jury then voted to order him to appear in a lineup and be fingerprinted. Maguire was recalled as a witness and, after being formally ordered by the deputy foreman to appear in a lineup and submit to fingerprinting, refused on grounds of the Fifth Amendment.

The United States Attorney then filed a petition with the district court for an order requiring Maguire to comply. After a hearing at which Maguire and his counsel were present, the district court ordered him

> to comply with the directive of the United States Grand Jury to appear in a lineup and to submit to complete fingerprinting at a time and place convenient to the United States Attorney, the witness, and his counsel.

At the hearing, the district court was informed that Maguire is currently serving an eight to ten year sentence at the Massachusetts Correctional Institution in Walpole.

Subsequent to the hearing, Maguire, through his counsel, informed the United States Attorney that he would not appear in any lineup or allow himself to be fingerprinted. The United States Attorney then filed a motion for an amended order authorizing the use of force to compel the ends sought. After another hearing at which Maguire and his counsel were present, the district court issued the following order:

> It Is Further Ordered that should Lawrence F. Maguire refuse to attend or to stand in a lineup or refuse to submit to complete fingerprinting, as ordered herein, Deputy United States Marshals and Special Agents of the Federal Bureau of Investigation are authorized to employ such reasonable force as is reasonably necessary to compel him to attend the lineup, and stand in a lineup, and to submit to complete fingerprinting. To such end, if Lawrence F. Maguire passively resists, he may be bodily transported to the site of the lineup and/or physically supported during the lineup. If Lawrence F. Maguire physically resists, the above officers may use handcuffs, handcuff belts, leg irons, and such interconnecting chains to such restraining devices as are reasonably necessary to assure Lawrence F. Maguire's presence and participation in the lineup as specified above, and to secure his complete fingerprints.

It is clear that a federal court has the power to compel persons to appear before a grand jury and testify. *United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). It is also well established that there is a distinction between being compelled to provide testimonial evidence against oneself and being forced to show one's body, wear certain items of clothing or even disgorge the contents of one's stomach. In the former situation, the Fifth Amendment is a barrier. In the latter, it has been long and consistently held that no constitutional immunity is implicated. *Schmerber v. California*, 384 U.S. 757, 763–764, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Holt v. United States*, 218 U.S. 245, 252–253, 31 S.Ct. 2, 54 L.Ed. 1021 (1910). *But cf. Rochin v. California*, 342 U.S. 165, 173, 72 S.Ct. 205, 96 L.Ed. 183 (1952), for possible Fourth Amendment problems.

In *In re Melvin*, 550 F.2d 674, 677 (1st Cir. 1977), we concluded "that subject to the district court's continuing power and duty to prevent misuse, the grand jury is empowered to require a suspect to appear at a lineup," and affirmed the judgment of the district court in holding the appellant in contempt for failing to appear in a lineup pursuant to an order of the grand jury. This is the accepted rule and method of enforcing compliance. *United States v. Hammond*, 419 F.2d 166 (4th Cir. 1969).

*See* ALI A Model Code of Pre-Arraignment Procedure, Article 170 §§ 170.1, 170.2, and 170.5(4) (April, 1975, DRAFT).

█ While we have been unable to find any federal cases precisely on point, it is obvious that, while a contempt order is normally an effective weapon, it is drastically blunted when the defiant witness is already incarcerated for a long period. The question then becomes what a court can do to enforce a valid constitutional order. The only answer is the use of such reasonable physical force as may be necessary. *See Schmerber, supra,* 384 U.S. at 771–772, 86 S.Ct. 1826; *Rochin, supra,* 342 U.S. at 172–173, 72 S.Ct. 205. This is particularly true where, as here, the compliance order comes from a district court which has had the opportunity to review the facts to avoid possible abuse. *See Schmerber, supra,* 384 U.S. at 768, 86 S.Ct. 1826. The means authorized by the court here are reasonable under the circumstances and the force to be permitted is not such as "shocks the conscience." *Rochin, supra,* 342 U.S. at 172, 72 S.Ct. 205.

█ While it may not enhance the image of justice to force a witness kicking and screaming into a lineup, the choice has been made by the witness, not the court. As Justice Wilkins of the Supreme Judicial Court of Massachusetts pointed out when confronted with a similar situation:

> The line-up is intended for the protection of the individuals' constitutional rights in order to avoid improper suggestiveness in any confrontation. If they elect to dispense with that protection, the decision is theirs alone, and they cannot properly be heard to complain. *Commonwealth v. (John Doe Investigation),* Nos. 77–206 and 77–207 Civil, Memo Op. at 3 (Mass. SJC May 18, 1977).

We repeat what we said in *Melvin* about the potential for abuse by grand juries by oppressive use of their power to order recalcitrant witnesses to appear in lineups. But, here, as in *Melvin,* there is no suggestion of oppressive use by the grand jury and no need to interfere with its powers to issue the lineup order. The district court ably exercised its supervisory power over the grand jury action and both of its orders were issued only after a hearing at which the defiant witness and his counsel were present.

The amended order of the district court is affirmed.