**Albert WHITE and Vivian B. White, Petitioners-Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 85–5231**
**Nonargument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 21, 1985.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, Dept. of Justice, Tax Div., Washington, D.C., Charles S. Casazza, Clerk, U.S. Tax Court, Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Robert B. Miscavich, Senior Technician Reviewer, I.R.S., Washington, D.C., for respondent-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

By notice of deficiency, the Commissioner of Internal Revenue notified taxpayers Albert and Vivian B. White that there were deficiencies in their income taxes for 1980 and 1981 in the amounts of $1,776.80 and $5,272.73 respectively, and in addition, pen-

alties for those years in the amounts of $88.84 and $263.64. The deficiencies were due to the disallowance by the Commissioner of unsubstantiated deductions plus a failure of the taxpayers to include certain interest income and to pay self-employment taxes. The taxpayers timely petitioned the United States Tax Court for a redetermination of the deficiencies. Prior to trial, however, the parties negotiated a settlement agreeing to reduced amounts of deficiencies, and stipulated to entry of judgment for deficiencies in the amounts of $1,050 for the year 1980 and $2,821 for the year 1981, with no liability for penalties. The Tax Court entered the judgments accordingly. The Whites then filed an appeal to this court.

■ Generally, a party who consents to the entry of judgment waives his or her right to appeal from it. *Swift & Co. v. United States*, 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587 (1928) (quoting *Nashville, Chattanooga & St. Louis Railroad v. United States*, 113 U.S. 261, 266, 5 S.Ct. 460, 462, 28 L.Ed. 971 (1885)). The rule recently was applied by the Ninth Circuit in a case, like this, involving a stipulated deficiency decision of the Tax Court. *Tapper v. Commissioner*, 766 F.2d 401 (9th Cir.1985). The rule also has been recognized in other contexts by the majority of circuits. *Haitian Refugee Center v. Civiletti*, 614 F.2d 92 (5th Cir.1980);[1] *National Wildlife Federation v. Gorsuch*, 744 F.2d 963, 968 (3d Cir.1984); *Thonen v. Jenkins*, 455 F.2d 977 (4th Cir.1972); *Browning v. Navarro*, 743 F.2d 1069, 1076 n. 20 (5th Cir.1984); *Martin Marietta Corp. v. FTC*, 376 F.2d 430, 433–34 (7th Cir.), *cert. denied*, 389 U.S. 923, 88 S.Ct. 237, 19 L.Ed.2d 265 (1967); *United States v. Star Const. Co.*, 186 F.2d 666, 669 (10th Cir. 1951). There are but two exceptions to the general rule: (1) where the party did not actually consent or (2) where the court lacked subject matter jurisdiction to enter the judgment. *Tapper v. Commissioner*,

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*supra.* Neither exception applies here. The Whites do not question the jurisdiction of the Tax Court to enter the judgment, nor do they disavow their consent to the stipulations; rather, they challenge the disallowance by the Commissioner of certain business deductions.

 We hold that by stipulating to the entry of judgment for the reduced deficiencies, the taxpayers waived their right to appeal. Accordingly, the appeal is DISMISSED.