819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re GRAND JURY SUBPOENA.
UNITED STATES of America, Plaintiff-Appellee,
v.
(UNDER SEAL), Defendant-Appellant.
 No. 86-5134.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 25, 1987.
Decided May 21, 1987.
 
 Before SPROUSE, ERVIN and CHAPMAN, Circuit Judges.
 Parks N. Small, Federal Public Defender, on brief, for appellant.
 Vinton D. Lide, United States Attorney, Paul E. Wilburn, III, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 The appellant in this case, a South Carolina inmate, appeals from an order of the district court directing him to comply with a grand jury subpoena. The subpoena required him to produce a blood sample for the grand jury on a certain date. After appellant refused to comply, a hearing was held for appellant to show cause why he should not be held in contempt. At the close of the hearing, appellant indicated that he would comply. The district court subsequently issued an order requiring appellant to submit the blood sample to agents of the grand jury and providing that, if he did not, agents of the grand jury could use reasonable force to obtain the blood sample. Instead of complying, however, appellant appealed the ruling of the district court, arguing that it seeks to enforce an invalid subpoena.
 
 
 2
 Initially, we note that the district court's ruling is a final order appealable under 28 U.S.C. Sec. 1291. It ended that particular litigation on the merits, and put appellant out of federal court. Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978).
 
 
 3
 We note also that the district court's order is not moot, even though the grand jury which issued the subpoena will by now have reached the end of its term and been dissolved, and a new grand jury will have been empaneled. "In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir.1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). An exception to this general rule is provided, however, for controversies "capable of repetition, yet evading review." Southern Pacific Terminal v. ICC, 219 U.S. 498 (1911); Murphy, 455 U.S. at 482. Two elements make up the exception:
 
 
 4
 (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.
 
 
 5
 Leonard, 804 F.2d at 842 (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). The government here has indicated a strong possibility that the new grand jury will continue the investigation which prompted the subpoena, and that a new subpoena may be issued if necessary. This controversy thus falls within the "capable of repetition, yet evading review" exception to the mootness doctrine.
 
 
 6
 By agreeing to comply with the subpoena, appellant arguably has waived his right to appeal any alleged errors in the proceeding below. A defendant cannot appeal from an order entered with his consent unless he establishes facts to nullify his consent. Thonen v. Jenkins, 455 F.2d 977 (4th Cir.1972). Appellant here would have to show either that he did not actually consent or that the district court lacked subject matter jurisdiction. White v. Commissioner, 776 F.2d 976 (11th Cir.1985). At the show cause hearing, before the district court could rule on the matter, appellant volunteered that he would comply with the subpoena. Appellant's brief does not address this consent to provide the blood sample at all; he certainly does not set forth any facts on which we could find that he had not consented to the court's order directing him to comply. It is unquestioned that the district court had jurisdiction. Fed.R.Crim.P. 17(g). Appellant did not, however, consent to the use of force, which the court's order authorizes if necessary. Assuming that he can, for that reason, object to being forced to comply with the subpoena, we nevertheless find no error in the district court's order. The district court has the authority to authorize reasonable force where a defiant witness is already in prison.
 
 
 7
 [W]hile a contempt order is normally an effective weapon, it is drastically blunted when the defiant witness is already incarcerated for a long period. The question then becomes what a court can do to enforce a valid constitutional order. The only answer is the use of such reasonable physical force as may be necessary. See Schmerber, supra, 384 U.S. at 771-72 [ (1966) ] ...; Rochin [v. California, 342 U.S. 165] at 172-73 [ (1952) ].... This is particularly true where, as here, the compliance order comes from a district court which has had the opportunity to review the facts to avoid possible abuse. See Schmberber, supra, 384 U.S. at 768.... The means authorized by the court here are reasonable under the circumstances and the force to be permitted is not such as "shocks the conscience." Rochin, supra, 342 U.S. at 172....
 
 
 8
 Appeal of Maguire, 571 F.2d 675, 677 (1st Cir.), cert. denied, 436 U.S. 911 (1978).
 
 
 9
 The district court ordered a routine, minimal physical intrusion in order to allow the grand jury to obtain evidence which the record shows will be highly relevant and probative in an ongoing investigation. No violation of the Fourth Amendment is involved. Schmerber v. California, 384 U.S. 757 (1966); see Winston v. Lee, 470 U.S. 753 (1985). In doing so, the district court properly used its supervisory power to enforce a valid grand jury subpoena.
 
 
 10
 Appellant contends that he may not be forced to supply evidence in response to the subpoena until he has appeared before the grand jury and been expressly ordered by it to provide the evidence. He intimates that there may not be an actual grand jury investigation. However, a grand jury may subpoena physical evidence for identification purposes, United States v. Dionisio, 410 U.S. 1 (1973); United States v. Mara, 410 U.S. 19 (1973), and it may require that such evidence be provided outside its presence. United States v. Santucci, 674 F.2d 624, 627 (7th Cir.1982), cert. denied, 459 U.S. 1109 (1983). It is acceptable for the subpoena to be issued by the United States Attorney without actual prior grand jury authorization. Id. A grand jury need not approve or even have knowledge of a subpoena prior to its issuance. Doe v. DiGenova, 779 F.2d 74, 80 (D.C.Cir.1985). Therefore, the absence of a sitting grand jury is not disturbing if the return date is set for a day when grand jurors would be in session. Id. (citing United States v. Kleen Laundry & Cleaners, Inc., 381 F.Supp. 519, 523 (E.D.N.Y.1974)). A grand jury subpoena gets its name from the intended use of the testimony or documentary evidence, not from the source of its issuance. DiGenova, 779 F.2d at 80 n. 11. The government did not deviate here from accepted procedure.
 
 
 11
 Appellant further contends that a witness cannot be forced to respond to the subpoena unless the government has first met the three-part relevance test for the item sought which has been required in the Third Circuit after In re Grand Jury Proceedings (Schofield), 486 F.2d 85 (3d Cir.1973). This Court has withheld judgment as to whether the government must make a Schofield showing each time there is resistance to a subpoena. In this case, however, the government did make a sufficient demonstration to the lower court at the show cause hearing that the evidence was relevant to a grand jury investigation and not sought for any other purpose.
 
 
 12
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.
 
 
 13
 AFFIRMED.