**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YOUSSEF ZARRIN,
Plaintiff-Appellant,

v.

No. 95-2734

YOURI BEIT-DASHTOO; NAHID
ABMADPOUR,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-94-1701-A)

Submitted: May 16, 1996

Decided: May 30, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric Stanley Wiener, Arlington, Virginia; Martin F. McMahon, MAR-
TIN F. MCMAHON & ASSOCIATES, Washington, D.C., for Appel-
lant. Mary Jean Fassett, CONLON, FRANTZ, PHELAN, KNAPP &
PIRES, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Plaintiff Youssef Zarrin appeals from a consent judgment entered in the United States District Court for the Eastern District of Virginia.* The judgment dismissed a lawsuit Zarrin filed to bar the enforcement of a construction contract. Because the district court entered the judgment with the consent of the parties, we affirm without reaching the merits.

Although the notice of appeal specifically appeals from only the court's final Agreed Order of Dismissal entered on August 21, 1995, Zarrin's brief challenges the court's earlier orders to stay proceedings pending arbitration and denying Zarrin's motion for reconsideration of that order. Where the notice of appeal designates specific rulings being appealed, this court has no jurisdiction to review other judgments or issues which are not expressly referred to or impliedly intended for appeal. C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.) (disallowance of attorney fees not appealed when notice of appeal referred only to denial of motion for a new trial), cert. denied, 454 U.S. 1125 (1981).

Even if the notice of appeal could be construed to include the earlier orders, Zarrin's appeal is barred. The district court's final order, entitled "Agreed Order of Dismissal," states in part that "Plaintiff's claims, in their entirety, against the Defendants are hereby dismissed with prejudice." Counsel for both parties signed the order. It is well established that, in general, a party to a consent judgment waives any objections to matters within the scope of the judgment. Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 526 (10th Cir. 1992); White v. Commissioner, 776 F.2d 976, 977 (11th Cir. 1985); Thonen v. Jenkins, 455 F.2d 977, 977 (4th Cir. 1972). Cf. Young-Henderson v.

_____

*This court granted the parties' motions to submit on briefs.

2

Spartanburg Area Mental Health Ctr., 945 F.2d 770, 774-75 (4th Cir. 1991) (recognizing that parties may utilize a consent order to bar appeals). Parties may obtain relief on appeal from a consent judgment only upon a showing of lack of consent, lack of federal jurisdiction, or mistake, or where the stipulation of judgment expressly recognizes the parties' intent to appeal. Swift & Co. v. United States, 276 U.S. 311, 324 (1928); Clark v. Housing Auth. of Alma , 971 F.2d 723, 726 (11th Cir. 1992); Coughlin v. Regan, 768 F.2d 468, 470 (1st Cir. 1985).

None of the exceptions to the general rule barring appeals from consent orders apply here. Consequently, we affirm the district court's order dismissing the action.

AFFIRMED

3