[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2007
THOMAS K. KAHN
CLERK

No. 06-13375
Non-Argument Calendar
_____

D. C. Docket No. 03-14322-CV-DMM

STANLEY N. TAVORN,

                                                            Plaintiff-Appellant,

                              versus

CHARLES SHOCKLEY,
DAVID FARCUS,
M. L. ENGLISH,
R. F. CARTER,
K. J. GREEN,
CONNIE SHOOTS,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 26, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Florida state prisoner Stanley N. Tavorn appeals the district court's dismissal of his 42 U.S.C. § 1983 civil complaint against prison officials M.L. English and Connie Shoots.[1] Tavorn contends the district court erred in dismissing his case because he did not agree to settle the instant case. According to Tavorn, he and the defendants orally discussed settlement of a separate case, but they did not reach a final, binding agreement that extended to the instant case.

Generally, a party who consents to the entry of a judgment lacks standing to appeal it. *Reynolds v. Roberts*, 202 F.3d 1303, 1312 (11th Cir. 2000). However, there are two exceptions to this general rule: "(1) where the party did not actually consent or (2) where the court lacked subject matter jurisdiction to enter the judgment." *White v. Comm'r of Internal Revenue*, 776 F.2d 976, 977 (11th Cir. 1985).

We review the district court's enforcement of a settlement agreement for an abuse of discretion. *See Brooks v. Georgia State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995) ("[T]he duty of an appellate court is simply to ascertain whether or not the trial judge clearly abused his discretion in approving or rejecting

---

[1] The district court dismissed the other defendants, Charles Shockley, David Farcus, R.F. Carter, and K.J. Green, in an order that is not at issue on appeal.

2

a settlement agreement."); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994) ("We review the district court's decision to enforce a settlement agreement without an evidentiary hearing for an abuse of discretion.").

Although the district court has the authority to summarily enforce a settlement agreement without an evidentiary hearing, "the district court may enforce only complete settlement agreements." *Murchison*, 13 F.3d at 1486. "Summary enforcement of an alleged settlement is improper when there is a substantial factual dispute as to the terms of the settlement." *Id.* The parties must be allowed an evidentiary hearing when there is a dispute about the material facts concerning the existence or terms of a settlement agreement. *Id.* In *Londono v. City of Gainesville*, 768 F.2d 1223, 1229 (11th Cir. 1985), we vacated a district court's order enforcing a settlement agreement the defendant denied agreeing to, and we remanded the case for an evidentiary hearing because, based on the record before us, we were unable to discern the terms of the settlement agreement and the factual basis for the district court's conclusion that an enforceable contract was formed.

In this case, the record does not contain the settlement agreement, evidence of the oral settlement discussions, or an evidentiary hearing on the settlement agreement, and the parties dispute the terms of any such agreement. Therefore, we

3

cannot ascertain our own jurisdiction because, without the terms of the settlement agreement, we are unable to determine whether Tavorn consented to the dismissal order. *See White*, 776 F.2d at 977. Moreover, as in *Londono*, we cannot review the factual basis for the district court's apparent conclusion an enforceable agreement was formed. Therefore, even if we could establish jurisdiction, we cannot determine whether the district court's dismissal of the case was an abuse of discretion.

Accordingly, we vacate the district court's order dismissing the case, and we remand this case to the district court to hold an evidentiary hearing to determine the existence and terms of the settlement agreement.

**VACATED AND REMANDED.**