Norman B. TAPPER and Eileen Tapper, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–7682.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1985.

Decided June 12, 1985.

E. Paul Husband, Los Angeles, Cal., for petitioners-appellants.

Martha Brissette, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before PREGERSON and ALARCON, Circuit Judges, and SOLOMON,* District Judge.

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

Taxpayers appeal the tax court's denial of their motion for summary judgment and from the entry of stipulated decisions against them. We affirm.

### Facts

Appellants, husband and wife, timely filed joint tax returns for the years 1976 and 1977. On these returns, they claimed deductions for losses on coal lease investments.

In October, 1979, and again in October, 1981, the IRS informed appellants that the companies in which appellants had invested were under investigation.

Appellants executed two Forms 872–A, one on April 20, 1981 (for the 1976 return) and the other on October 30, 1981 (for the 1977 return). Form 872–A is a form which grants an indefinite extension of the time within which the IRS may assess deficiencies. The forms provide that the IRS may assess a deficiency up to ninety days after 1) the IRS receives Form 872–T from the taxpayer, or 2) the IRS mails Form 872–T to the taxpayer, or 3) the IRS mails to the taxpayer a notice of deficiency.

Form 872–T is entitled "Notice of Termination of Special Consent to Extend the Time to Assess Tax." It asks for the taxpayer's name, address and social security number, the kind of tax at issue, and the tax periods covered by the notice. The form provides that if the tax returns are under consideration by the Examination Division, the taxpayer should mail the notice to the Chief of the Examination Division.

Between October 30, 1981 and August 30, 1982, appellants received no communications from the IRS. On August 30, 1982, appellant Norman Tapper sent a certified letter to the Los Angeles District Director of the IRS:

Dear Sir:

I am requesting an Immediate Satutory (sic) Notice of Deficiency for the Cal

Am Corporation and the Cambridge Corporation (coal leases) for the years 1976–1977.

These are under the names of Norman B. and Eileen Tapper—social security numbers are 557–03–5330 and 417–16–0673.

Sincerely yours,

Norman B. Tapper

Appellants did not send the Form 872–T termination as required by the extension agreement. The appellants received the return receipt for the letter, but the IRS mail room employees did not connect the letter with the appellants' tax returns because they did not have instructions to forward such correspondence to the audit division.

On February 16, 1983, the IRS proposed a settlement for the 1977 tax year, and the appellants said they were interested in a settlement. Five weeks later, Norman Tapper telephoned an IRS representative to ask whether the statute of limitations had run. The representative told Tapper that the IRS did not receive the letter and that taxpayers must submit Form 872–T to terminate the extension.

The IRS issued appellants two notices of deficiency, one for 1976 and one for 1977.

Appellants filed petitions in the tax court for redetermination of the deficiencies and moved for summary judgment on the grounds that their letter revoked the Form 872–A extension and that the statute of limitations barred the assessments.

The tax court denied the motion for summary judgment because the appellants did not revoke their extension on the proper form.

Thereafter, appellants consented through their attorney to the entry of stipulated decisions against them. The agreements provide: "It is hereby stipulated that the Court may enter the foregoing decision in this case."

On July 17, 1984, the tax court entered the stipulated decisions, which assessed deficiencies of approximately $6,700.00.

*Discussion*

■ Generally, a party cannot appeal a judgment entered with its consent. This court recognizes two exceptions to this rule: 1) where the party did not actually consent, or 2) where the court lacked subject matter jurisdiction to enter the judgment. *United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir.), *cert. denied*, 454 U.S. 1083, 102 S.Ct. 638, 70 L.Ed.2d 617 (1981).

Appellants concede that the tax court has jurisdiction to determine whether a deficiency exists, but they assert that if the statute of limitations has run, the tax court has jurisdiction only to enter a judgment that no deficiency exists. Appellants rely on section 7459(e) of the Internal Revenue Code, 26 U.S.C. § 7459(e), which provides:

If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Tax Court to that effect shall be considered as its decision that there is no deficiency in respect of such tax.

■ Section 7459(e) is inapplicable because the tax court did not decide that the statute of limitations had run.

■ Moreover, the statute of limitations is a defense which may be waived, and a claim that the statute of limitations has run does not deprive the court of jurisdiction. *Badger Materials, Inc. v. Commissioner*, 40 T.C. 1061, 1063 (1963); *Hradesky v. Commissioner*, 65 T.C. 87, 91–92 (1975), *aff'd on other grounds*, 540 F.2d 821 (5th Cir.1976). *See also Holbrook v. United States*, 284 F.2d 747, 753 (9th Cir.1960) (taxpayer's waiver of the statute of limitations is an abandonment of a defense).

■ The tax court had jurisdiction to enter the stipulated decisions, and the appellants consented to their entry. The appellants do not meet either exception to the general rule against appeals from consent judgments.

■ Even if an appeal will lie from the consent judgments, the tax court properly denied the motion for summary judgment

because Norman Tapper's letter did not revoke appellants' consent to waive the statute of limitations. Form 872–A requires the parties to use Form 872–T to terminate the extension.

Courts have upheld taxpayer claims which do not comply with regulations if the claims are clear and specific. *Bauer v. United States*, 594 F.2d 44, 46 (5th Cir. 1979), *citing United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941) (claims for refunds). The question is whether Norman Tapper's letter is clear enough to cause the request to be directed to the proper department.

The letter provides the taxpayers' names and social security numbers, the tax years in question, and a request for a statutory notice of deficiency. This information would have been sufficient if the audit division had received the letter, but the appellants did not include the proper form or the form number with their letter. If they had done so, the IRS would have been able to direct the letter to the proper department.

The IRS must use forms of general application because it receives millions of communications from taxpayers each year. The tax court correctly concluded that Form 872–A unambiguously requires the taxpayer to use Form 872–T to terminate the extension and that Norman Tapper's letter was not sufficient to terminate the extension because it was not directed to the proper division and that division was never apprised of taxpayers' desire to terminate the extension.

AFFIRMED.