EDMUND J. BURKE AND JANE D. BURKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burke v. Commissioner
Docket No. 427-86.
United States Tax Court
T.C. Memo 1987-325; 1987 Tax Ct. Memo LEXIS 325; 53 T.C.M. (CCH) 1279; T.C.M. (RIA) 87325; June 29, 1987. John N. Moore, for the petitioners. James D. Hill, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(d) [1] (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub L. 99-514, section 1556, 100 Stat. 2755), and Rules 180, 181 and 183. [2]
This case is before the Court on petitioners' Motion for Summary Judgment, pursuant to Rule 121, filed on October 27, 1986. On December 8, 1986, respondent filed an objection to petitioners' motion. The issue to be decided is whether the notice of deficiency was timely issued. See sec. 6501(a) and (c)(4). The relevant facts are not in dispute. Petitioners resided in Glenview, Illinois at *327 the time they filed their petition in this case. On August 2, 1982, petitioners filed their 1981 joint Federal income tax return with the Internal Revenue Service Center (Service Center) located in Kansas City, Missouri. During the course of the examination of petitioners' 1981 income tax return, petitioners executed Form 872-A, Special Consent to Extend the Time to Assess Tax on July 23, 1984, (sometimes hereinafter referred to as consent agreement). Respondent subsequently executed the consent agreement on August 8, 1984. The consent agreement provides, inter alia, that any Federal income tax due with respect to petitioners' 1981 return may be assessed within 90 days after the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer. On October 5, 1984, the Internal Revenue Agent examining petitioners' returns transmitted to petitioners a copy of the executed Form 872-A, together with form letter 1343(DO), which stated in pertinent part: The Internal Revenue Service office that has your return(s) under consideration will send you partially completed Forms 872-T upon *328 request. You should sign and return Form 872-T in accordance with the instructions on the form. You can terminate consent Form 872-A only by using Form 872-T, and in no other way. On May 10, 1985, petitioners and their representative, Bertram Emmanuel (Emmanuel), completed and executed a photocopy of Form 872-T (sometimes hereinafter referred to as the document). Emmanuel hand delivered such document that same day to respondent's Chicago District Office. At that time petitioners' 1981 return was being considered by the Examination Division of the Chicago District Office (Examination Division). The document was delivered to a teller in the Collection Division Teller Unit and stamped as received on May 10, 1985. The document was subsequently received on July 9, 1985, by the Examination-Quality Review Staff of the Chicago District Office (Examination Division) after having traveled from the Collection Division Teller Unit to the Service Center and then to the Chicago Appeals Office. Respondent issued the notice of deficiency to petitioners on October 4, 1984, in which he determined a deficiency for the 1981 tax year in the amount of $52,989.83 and an addition to tax under section *329 6659 in the amount of $15,896.95. Respondent also determined that the entire underpayment was attributable to a tax motivated transaction subject to the increased interest rate under section 6621(d). [3] The notice of deficiency was issued within 90 days after petitioners' Form 872-T was received by the Examination Division on July 9, 1985, and more than 90 days after May 10, 1985, the date the Form was received by the Collection Division Teller Unit. Petitioners contend that the Internal Revenue Service office considering their 1981 return received their properly completed and executed Form 872-T on May 10, 1985, and that, consequently, the notice of deficiency issued October 4, 1984, is untimely. Respondent argues, however, that the 90 day period within which respondent was required to issue the notice of deficiency commenced on July 9, 1985, the date upon which the Examination Division received the document. Based upon this record, we hold *330 for respondent and deny petitioners' Motion for Summary Judgment. A taxpayer's consent to extend the period of time for assessment of an income tax beyond the statute of limitations is a unilateral waiver of a defense. The agreement is not a contract. Grunwald v. Commissioner,86 T.C. 85 (1986); Piarulle v. Commissioner,80 T.C. 1035 (1983). However, contractual principles are significant since section 6501(c)(4) requires that the parties reach a written agreement as to the terms of the extension. Grunwald v. Commissioner,supra;Piarulle v. Commissioner,supra.
In the instant case Emmanuel hand delivered petitioners' Form 872-T to the Chicago District Office without directions that it be routed to the Examination Division. Under the circumstances of this case, we hold that delivery of the Form 872-T to the Collection Division Teller Unit did not constitute receipt of such form by the "office" considering petitioners' 1981 return. The Form 872-A agreed to by the parties allows respondent 90 days to assess the tax after "the Internal Revenue Service Office considering the case receives Form 872-T *331 * * * from the taxpayer(s)." (Emphasis supplied). The instructions to Form 872-T require, if the taxpayer's return is being considered by the Examination Division, that the taxpayer mail the properly completed Form 872-T addressed "to the District Director of Internal Revenue having jurisdiction over the return(s), Attention: Chief, Examination Division." Analogous instructions apply where the return is under consideration by respondent's Appeals Office, and, again, with respect to the Employee Plans and Exempt Organization Division. See also Rev. Proc. 79-22, 1979-1 C.B. 563, which directs taxpayers to "sign and mail Form 872-T in accordance with instructions contained on the form." The obvious purpose of such specific instructions is to insure that those persons within the Internal Revenue Service considering the taxpayer's return have sufficient time (90 days) to complete their consideration of it after receiving actual notice that the time for assessment is coming to an end. In support of their position petitioners cite Freedman v. Commissioner,T.C. Memo. 1986-257, where we held that delivery of a Form 872-T, marked for the attention of the Chief, *332 Examination Division, to one of the several sub-offices of the District Director with jurisdiction over the taxpayers' return, when no specific address appeared in the filing instructions, constituted sufficient notice to the "office" considering the case. The instant case, however, is clearly distinguishable from the Freedman situation since petitioners' Form 872-T was delivered without having been directed to the Examination Division which at that time was considering petitioners' return. Moreover, in the Freedman case we emphasized the narrowness of our holding, and in reaching the result therein we clearly considered important the fact that the Form 872-T had been marked for the attention of the proper division. See Valk v. Commissioner,T.C. Memo. 1984-622. See also Tapper v. Commissioner,766 F.2d 401 (9th Cir. 1985), affg. per curiam an order of this Court; Espinoza v. Commissioner,78 T.C. 412 (1982). Finally, we note that petitioners' predicament is of their own making. Petitioners and their tax advisor failed to follow the instructions with Form 872-T, or those contained in Form Letter 1343(DO) sent to them *333 by respondent's examining agent. Had they taken steps to assure that their Form 872-T reached respondent's Examination Division, we likely would not be facing the question before us today. In Lucas v. Pilliod Lumber Co.,281 U.S. 245, 249 (1930), the Supreme Court stated that "meticulous compliance by the taxpayer with all named conditions" is necessary to start the running of the statute of limitations on assessment. On these facts, petitioners have not met this standard. An appropriate order will be issued.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. In the notice of deficiency respondent inadvertently referred to sec. 6621(d) as 6621(b).↩ In addition, sec. 6621(d) has been redesignated as sec. 6621(c), pursuant to sec. 1511(c)(1), Tax Reform Act of 1986, 100 Stat. 2744.