RICHARD R. STENCLIK AND DOLORES STENCLIK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stenclik v. Commissioner
Docket Nos. 5895-85; 28295-87.
United States Tax Court
T.C. Memo 1989-19; 1989 Tax Ct. Memo LEXIS 19; 56 T.C.M. (CCH) 1059; T.C.M. (RIA) 89019; January 11, 1989; As amended March 30, 1989 *19 Forms 872-A were executed on behalf of petitioners and respondent for the years in issue. Held: Forms 872-A do not expire by operation of law after a reasonable time. Estate of Camara v. Commissioner,91 T.C. 957 (1988). Basil Tzetzo, for the petitioners. Jerome F. Warner [Text Deleted By Court Emendation] for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: These cases are before the Court on respondent's Motions for Partial Summary Judgment. [1] The issue for decision is whether the period of limitations expired prior to the issuance of the notices of deficiency. This issue is dependent upon the legal effect of Forms 872-A (Special Consents to Extend the Time to Assess Tax) executed by the parties. Respondent, in a notice of deficiency dated December 12, 1984, determined deficiencies in petitioners' income tax as follows: Year
Deficiency
1976
$  5,178.45
1977
$ 27,739.66
1978
$  9,872.20
A timely petition was filed at docket *21 No. 5895-85. In a notice of deficiency dated May 22, 1987, respondent determined a deficiency in petitioners' income tax for the taxable year 1979 in the amount of $ 30,085.60. A timely petition was filed at docket No. 28295-87. [2]
Petitioners' income tax returns for the taxable years in issue were filed as follows: Year
Date Filed
1976
April 15, 1977
1977
April 15, 1978
1978
April 15, 1979
1979
April 15, 1980
A Form 872 (Consent to Extend the Time to Assess Tax) relating to 1976 was executed by petitioners on January 4, 1980, and on behalf of respondent on January 11, 1980, which extended the period for assessment to December 31, 1981. A Form 872-A relating to the same year was executed by petitioners on March 31, 1981, and on behalf of respondent on April 9, 1981. The Form 872-A provides in part that: (1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1976 may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering *22 the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. (2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. * * * A Form 872-A relating to 1977 was executed by petitioners on December 1, 1980, and on behalf of respondent on December 9, 1980. A Form 872-A relating to 1978 was executed by petitioners on September 3, 1981, and on behalf of respondent on September 14, 1981. A Form 872-A relating *23 to 1979 was executed by petitioners on November 1, 1982, and on behalf of respondent on November 17, 1982. The Forms 872-A for the taxable years 1977, 1978, and 1979 all contained language essentially identical to the Form 872-A executed for 1976. Additionally, the Form 872-A for 1979 contained restrictive language limiting the extension to adjustments relating to certain named entities. Neither petitioners nor anyone acting on their behalf executed a Form 872-T (Notice of Termination of Special Consent to Extend Time to Assess Tax) in an attempt to terminate the consent given by the Forms 872-A for any of the years in issue. The parties agree that the notices of deficiency were not sent to petitioners within the normal 3-year period of limitations set forth in section 6501(a). Respondent relies, however, on section 6501(c)(4). That section provides that the taxpayer and the IRS may extend the period of limitations by agreement prior to the expiration of the period under section 6501(a) or as previously extended. Thus, respondent argues that the period of limitations was extended by agreement and that petitioners did not terminate the agreement prior to issuance of the notices *24 of deficiency. Petitioners do not dispute that the period of limitations was initially extended by the signing of Form 872 and Forms 872-A. Petitioners contend, however, that respondent did not issue the notices of deficiency within a reasonable time after execution of the Forms 872-A; thus the assessment is barred by the running of the period of limitations. Petitioners rely on McManus v. Commissioner,65 T.C. 197 (1975), affd. 583 F.2d 443 (9th Cir. 1978). Since there is no genuine issue as to material fact and the only issue is the legal effect of the Forms 872-A, summary judgment is appropriate. Naftel v. Commissioner,85 T.C. 527 (1985). In Estate of Camara v. Commissioner,91 T.C. 957, 961-962 (1988), we recently considered the identical argument. In Estate of Camara, we reviewed the history of the Form 872-A and also the holding in McManus. We held that: Since McManus was decided, we have held that the current version of Form 872-A may be terminated only with a Form 872-T or a notice of deficiency. Grunwald v. Commissioner, 86 T.C. at 89-90. See also Tapper v. Commissioner,766 F.2d 401, 404 (9th Cir. 1985), *25 affg. per curiam an order of this Court. We reached this result both because the Form 872-A explicitly allowed only two methods of termination and because the revised Form 872-A was meant to reduce the uncertainty that had surrounded indefinite extension agreements by eliminating the question of whether various written communications constituted termination letters. 86 T.C. at 89-90. We think that both of those concerns are implicated here. Firstly, the Forms 872-A involved herein specifically allow a taxpayer to terminate it in writing on a Form 872-T. The parties to the extension agreement should be held to that term. See Grunwald v. Commissioner, 86 T.C. at 89. Secondly, certainty in the use of Form 872-A is further enhanced by not interpreting it to end by operation of law after a reasonable time. If the extension agreements of the type involved herein were held to end after a reasonable period of time without the giving of prior notice, we would be forced to make an inquiry into the facts and circumstances of every case in which a Form 872-A was utilized. Therefore, we hold that extension agreements that contain specific termination provisions *26 do not end by operation of law after a reasonable time. To the extent that McManus v. Commissioner, supra, requires a different result, we will no longer follow it. * * * [Fn. refs. omitted.] Based on our holding in Estate of Camara, we find that the period of limitations did not expire prior to the date that the notices of deficiency were mailed. Thus the assessment is not barred by the statute of limitations. An order will be issued granting respondent's motions for partial summary judgment in each docket.
Footnotes
1. These cases were consolidated for purposes of oral argument and opinion on respondent's Motions for Partial Summary Judgment. The cases were assigned pursuant to section 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of filing both petitions, petitioners resided at Williamsville, New York.↩