943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert J. McCLAIN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-9002.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Taxpayer Robert J. McClain appeals from the stipulated decision entered by the Tax Court on November 9, 1990. We affirm.
 
 
 3
 On October 3, 1990, Mr. McClain signed a stipulated decision in open court in which he agreed to pay back taxes for the years 1986 and 1987 in the amount of $4,620. He now appeals that decision, proffering myriad constitutional and legal arguments with respect to the merits of the tax deficiency determination and the Tax Court's jurisdiction to enter judgment.
 
 
 4
 A party consenting to an entry of judgment waives the right to appeal unless it can show that the consent was not voluntary or that the court entering the judgment lacked jurisdiction to do so. See White v. Commissioner, 776 F.2d 976, 977-78 (11th Cir.1985); Tapper v. Commissioner, 766 F.2d 401, 403 (9th Cir.1985). This rule is applicable to stipulated judgments entered by the Tax Court. Clapp v. Commissioner, 875 F.2d 1396, 1398 (9th Cir.1989); see Tapper, 766 F.2d at 403. In this case, the record makes clear that, although he had some questions, Mr. McClain voluntarily signed the stipulated agreement that he owed $4,620 in back taxes. Rec., vol. II, Trial Transcript of October 31, 1990, at 13. Moreover, the Tax Court had jurisdiction to enter the agreement as a stipulated judgment. See I.R.C. §§ 6213, 6214, 7442 (1988). Accordingly, we affirm the judgment of the Tax Court.[1]
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Government asks that we administer sanctions under 28 U.S.C. § 1912 (1988) for what it views as a frivolous appeal. We decline to do so