955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles C. TSENG; Doris W. Tseng, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.
Decided Feb. 19, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles C. Tseng and Doris W. Tseng appeal pro se the tax court's decision upholding the Commissioner of Internal Revenue's (CIR) determination of a tax deficiency and imposing additions to tax for tax year 1983. The Tsengs stipulated to the decision but argue that the tax court lacks jurisdiction because the CIR's notice of assessment for tax year 1983 was sent after the statute of limitations had run. We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 "Generally a party cannot appeal a judgment entered with its consent." Tapper v. Commissioner, 766 F.2d 401, 403 (9th Cir.1985). We recognize two exceptions to this rule (1) if the parties did not consent and (2) if the court lacked jurisdiction to enter the judgment. See id.
 
 
 4
 First, the Tsengs do not allege that they did not consent to the stipulated judgment. Thus, the first exception is inapplicable. See id.
 
 
 5
 Second, the Tsengs do not challenge the tax court's jurisdiction to determine the validity of the CIR's determination. Instead, they assert that if the statute of limitations has run the tax court has jurisdiction only to enter a judgment dismissing the action.[1] The statute of limitations issue, however, "is a defense which may be waived, and a claim that the statute of limitations has run does not deprive the court of jurisdiction." Id. The tax court had jurisdiction to enter the stipulated decision, and the Tsengs consented to its entry. Consequently, we will not review the judgment. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Before a purported deficiency in federal tax payment can be assessed, the CIR must issue a notice of deficiency. See 26 U.S.C. § 6213; Kinsey v. Commissioner, 859 F.2d 1361, 1362-63 (9th Cir.1988). "Generally, the statute of limitations for assessing a tax deficiency expires three years after a timely return is filed." Kinsey, 859 F.2d at 1363