United States Court of Appeals,

Fifth Circuit.

No. 92-4284.

MILES PRODUCTION COMPANY, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

April 1, 1993.

Appeal from the Decision of the United States Tax Court.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

GOLDBERG, Circuit Judge:

This case comes on appeal from the United States Tax Court. Miles Production Co., the appellant, challenges the tax court's determination of the validity of the Internal Revenue Service's ("IRS") notice of deficiency regarding Miles' underpayment of the Windfall Profit Tax.

The Windfall Profit Tax and the Net Income Limitation

Before discussing the appellant's claim, it is first necessary to examine the Windfall Profit Tax ("WPT") at issue. The WPT, I.R.C. § 4986[1], enacted in 1980 and now repealed, was an excise tax imposed on producers of crude oil. The WPT was intended to tax the additional revenue earned by oil producers after the removal of price controls on domestic oil. The tax was assessed on all crude oil removed from a producer's property during each "taxable period." § 4986(a). The "taxable period" was defined as "each calendar quarter." § 4996(b)(7)(B).

To soften the impact of the WPT, section 4988(b)(1) provided that the WPT shall not exceed 90 percent of the "net income" attributable to each barrel of oil. This limitation was known as the "Net Income Limitation" ("NIL"). If the WPT paid by the producer exceeded the NIL, the producer could claim a credit or a refund to his income tax. Crucial to the disposition of the instant case is the difference in the proper time periods for the assessment of the WPT and the calculation of the NIL.

---

[1]Unless otherwise indicated, hereinafter all section numbers will refer to the Internal Revenue Code.

As mentioned above, the WPT is imposed on oil removed from the producer's premises during each *calendar* quarter. § 4996(b)(7)(B). By contrast, computation of the NIL is based upon the taxpayer's "taxable year." § 4988(b)(2)(A). The "taxable year" may be the *fiscal* or the *calendar* year depending on the taxpayer's chosen method of accounting. § 441(b)(1).

Although the WPT was assessed against *producers* of crude oil, the WPT's collection mechanism required that the first *purchasers* of the oil withhold the WPT from amounts payable to the producer. § 4995(a). If the WPT withheld by the purchaser was inadequate to cover the producer's WPT liability, the producer had to file a return with respect to its WPT liability for the calendar year. However, if the purchaser withheld more WPT than the amount for which the producer was liable, no annual return of the WPT was required and the excess tax withheld by the purchaser could be either claimed as a credit against the producer's income tax or alternatively the producer could ask for a refund of the overpaid amount.

Miles Production Co. ("Miles") is a producer of crude oil for the purpose of the WPT. On April 8, 1988, the IRS issued to Miles a notice of deficiency for its payment of the WPT for calendar years 1981 and 1982. During these years Miles had made numerous claims for refunds and credits for overpayment of the WPT on the basis of exceeding the NIL.[2] The notice of deficiency reflected the IRS's determination that Miles' NIL calculations, on the basis of which Miles' received refunds, were inaccurate. After adjusting the NILs to their appropriate amounts, the Commission found a deficiency in Miles' payment of the WPT.

Upon receiving the notice of deficiency, Miles filed a timely petition in the United States Tax Court for redetermination of the deficiency, claiming that the IRS's notice of deficiency was invalid and time barred. Miles contended that the notice of deficiency was invalid, and as a result the tax court lacked jurisdiction, because the deficiency notice was based on calendar years rather than on

---

[2]For the taxable year ending June 30, 1981, along with its income tax return, Miles filed a claim for credit for overpayment of WPT in part resulting from NIL calculations. In October of 1983, Miles amended its income tax return for the taxable year ending June 30, 1981, in which it claimed a refund for overpaid WPT based on the application of the NIL. For the taxable year ending June 30, 1982 Miles again claimed a credit for overpayment of WPT based on NIL calculations. The Commissioner allowed all claims in full.

Miles' "taxable years." Miles' "taxable year" for the purposes of reporting its Federal income tax, and for calculating the NIL, was a fiscal year ending June 30, as opposed to the calendar year used in the deficiency determination. Miles also argued that the notice of deficiency was issued after the expiration of the period of limitation on tax assessment.

The tax court dismissed Miles' challenge, finding the deficiency notice both valid and timely. The parties thereafter stipulated to a judgment that Miles was liable for deficiencies in the WPT for the years 1981 and 1982. Miles appeals the tax court's determination that the IRS's notice of deficiency was valid and timely on jurisdictional grounds. We now affirm the tax court's disposition.

Analysis

The jurisdiction of the United States Tax Court is "precisely circumscribed by statute." *Logan v. Commissioner,* 86 T.C. 1222, 1226 (1986). One of the statutory prerequisites to the exercise of the tax court's jurisdiction is a valid notice of deficiency. *Id.*

Miles challenges the jurisdiction of the tax court below by attacking the validity of the IRS's notice of deficiency. Miles argues that the IRS's notice of deficiency is invalid because it is based upon incorrect taxable periods. Specifically, the notice of deficiency refers to *calendar* year periods while, according to Miles, the proper taxable periods for Miles' tax deficiencies are *fiscal* year periods.

It is well established that a deficiency notice is invalid if based upon incorrect taxable periods. For example, in *Century Data Systems, Inc. v. Commissioner,* 80 T.C. 529, 537 (1983), the tax court held that it lacked jurisdiction because the IRS's statutory notice of deficiency was based on incorrect taxable periods; i.e., the notice of deficiency was based on a taxable year ending June 30, while the taxpayer kept its books on the basis of the calendar year. The tax court stated:

> Since petitioner's books were closed at the end of each calendar year, its Federal income tax liability should have been determined on a calendar year basis. This Court has no jurisdiction to redetermine a deficiency with respect to fiscal years. *Id.*

*See also Columbia River Orchards, Inc. v. Commissioner,* 15 T.C. 253, 260 (1950) ("this Court has no jurisdiction where the deficiency notice does not cover a proper taxable period").

Although the court below agreed with Miles' contention that tax courts lack jurisdiction if

a notice of deficiency is based on incorrect taxable periods, the court nevertheless rejected Miles' jurisdictional challenge. The tax court found that the IRS's notice of deficiency properly used calendar year tax periods because the deficiency was for payment of the WPT, and the WPT is determined on the basis of calendar quarters. § 4996(b)(7)(B).

Miles' argument that the notice of deficiency incorrectly applied calendar year periods focuses on the fact that the NIL, under § 4988(b)(2)(A), is to be calculated using the taxpayer's "taxable year," which in Miles' case is the fiscal year ending on June 30. According to Miles, because "liability with regard to the net income limitation must be based on Miles' taxable year," the IRS's notice of deficiency "must be based on Miles' taxable year."

Miles' argument mischaracterizes the nature of Miles' deficiency. It is undisputed that computation of the NIL is based upon Miles' "taxable year;" i.e., the fiscal year ending June 30. However, the IRS found Miles deficient with regards to payment of the WPT, not the NIL. The NIL is not a tax, but merely one of the elements that enters into the computation of the WPT. As the tax court below observed: "the NIL is a limit on the tax, not a computation of the tax itself." *See Transco Exploration Co. v. C.I.R.,* 949 F.2d 837, 841 (5th Cir.1992) ("The net income limitation on windfall profits sets a ceiling on an excise tax that the government has imposed on certain oil profits.") The deficiency in this case was in Miles' payment of the WPT which arose from Miles' miscalculation of the NIL. The income tax period Miles used for calculating the NIL does not control the period for imposing the WPT. The IRS sent Miles a notice of deficiency for Miles' underpayment of the WPT. Because the WPT is determined on the basis of calendar quarters, § 4996(b)(7)(B), the IRS notice of deficiency was properly assessed in calendar periods.

Miles posits a second ground for challenging the tax court's jurisdiction. Miles claims that the tax court lacks jurisdiction in the instant case because no deficiency exists. According to Miles, there is no deficiency in this case because the Commissioner has not determined that Miles' WPT liability was greater than the amount Miles originally paid through the withholding of first purchasers pursuant to § 4995(a). Miles reasons that rather than asserting a deficiency, the IRS really seeks repayments of refunds erroneously paid to Miles. Miles insists that the IRS's only remedy to recover

taxes previously refunded is to institute a suit for erroneous refund, over which the tax court lacks jurisdiction.

The spurious assumption underlying Miles' argument is that in determining a "deficiency," the IRS can only examine a taxpayer's tax liability *vis a vis* the amount the taxpayer originally paid, and the IRS cannot subtract from the amount of tax originally paid the amount that has been refunded. Miles' assumption contradicts the language of the Internal Revenue Code. Section 6211(a) provides in relevant part that "*deficiency means* the amount by which a tax imposed ... exceeds the excess of the sum of the amount shown as the tax by the taxpayer upon his return ... plus the amounts previously assessed (or collected without assessment) as a deficiency, *over the amount of rebates, as defined in subsection (b)(2), made.*" (emphasis added) Under subsection 6211(b)(2), rebates include refunds, credits, and other payments "made on the ground that the tax imposed ... was less than the excess of the amount specified in subsection (a)(1) over the rebates previously made." Cutting through the circumlocutions of the Internal Revenue Code, the court in *Midland Mortgage v. Commissioner,* 73 T.C. 902, 907 (1980), tersely elucidated the meaning of a deficiency under § 6211(a): "Deficiency = correct tax ! (tax assessed per return + proper additional assessments ! rebates)."[3]

In *Brown v. United States,* 883 F.2d 71 (5th Cir.1989), we explained how this statutory language applies in the context of the WPT:

Under section 6211(a), the amount of a WPT deficiency is calculated by determining the

---

[3]We note in passing that not every refund is a rebate:

"[T]he IRS asserts that there is a distinction between a *rebate* refund (a situation in which the IRS returns part of an amount assessed and paid because of a predetermination of liability, as, for example, when an amended return is filed claiming an additional deduction) and a *non-rebate* refund (a situation in which the IRS returns a portion of an amount assessed and paid for reason not based on a redetermination of liability ...). The IRS recognizes that in the case of a rebate refund the assessment is reduced by the amount of the refund, thus requiring the use of deficiency procedures and a new assessment for any further attempts to collect the refunded amount." *United States v. Wilkes,* 946 F.2d 1143, 1148 (5th Cir.1991). Here, Miles' refunds are clearly *rebate* refunds and thus properly factored into the *Midland Mortgage* formula for calculating a § 6211(a) deficiency. And, in this case the IRS correctly used deficiency procedures and a new assessment to collect erroneous credits and refunds which had been solicited by the taxpayer.

correct amount of that tax;  then there is determined, in the case of a producer not filing a WPT return, the amount of WPT withheld by the first purchaser from the producer ... [then] there is determined the "amount of rebates.'  *Id.* at note 24.

The *Brown* court provided an exemplary application of § 6211 to a WPT deficiency produced by an improper refund which nearly tracks the facts of the instant case:

assume that $90,000 WPT was withheld by the first purchaser from Brown, and that Brown (figuring that the correct amount of its WPT was only $30,000) then claimed on its income tax return a credit against its income tax liability of $60,000 overpaid WPT;  assume further that the IRS thereafter determined that Brown had actually overpaid its WPT by only $10,000 because the correct amount of Brown's WPT was in fact $80,000 (rather than $30,000 as calculated by Brown).  The IRS would then assess a $50,000 *deficiency* in Brown's 1980 WPT, calculated as follows:  $80,000 (correct amount of 1980 WPT) less $30,000 (being the excess of the WPT withheld, $90,000, over $60,000, the amount of WPT overpayment credit claimed on the income tax return) equals $50,000.  *Id.* at note 24.  (emphasis added)

Significant to the analysis at hand is the *Brown* court's observation that the IRS could find a *deficiency* in Brown's WPT payment which arises from Brown's erroneous refund claim.  Thus, contrary to Miles' position, under the language of § 6211, and the *Brown* court's application of that language to the WPT, refunds and credits are to be subtracted from the amount of tax originally paid by the taxpayer and may create a deficiency.[4]  In the instant case, Miles' numerous requests for refunds on the basis of NIL calculations fall under the definition of "refunds" under § 6211(b).  Miles' refund requests were made on the ground that its WPT liability was less than the amount Miles actually paid.  Thus, when the IRS discovered Miles' erroneous NIL calculations, it correctly found a "deficiency" under § 6211(a) by subtracting the amounts refunded to Miles from the "amount shown as the tax by the taxpayer upon his return."  Because Miles' erroneous refund requests produced a deficiency in Miles' payment of the WPT, the tax court below properly exercised its jurisdiction.

Miles' final argument on appeal in not properly before us.  Miles argues that the IRS's notice of deficiency was time barred.  However, because Miles and the IRS entered into a stipulated judgment after the tax court issued its order, Miles cannot appeal any issue aside from the tax court's

_____

[4]The analysis of the *Brown* court is consistent with the Sixth Circuit's decision in *Beer v. Commissioner,* 733 F.2d 435, 436 (6th Cir.1984) *cert. denied,* 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984).  In *Beer,* a state court judge improperly claimed refunds for all federal income tax withheld because he thought he was "exempt."  The *Beer* court held that the IRS could assess a deficiency against the taxpayer when the deficiency was created by the taxpayers' improper claims for refunds.

subject matter jurisdiction.  *See White v. Commissioner,* 776 F.2d 976, 977 (11th Cir.1985);  *Clapp v. Commissioner,* 875 F.2d 1396, 1398-1399 (9th Cir.1989).

Having stipulated to the decision below, Miles is est opped from pursuing the limitations question on appeal.  In *Tapper v. Commissioner,* 766 F.2d 401 (9th Cir.1985), a case with facts similar to those in instant case, the Ninth Circuit explained that a "party cannot appeal a judgment entered with its consent" unless "the court lacked subject matter jurisdiction to enter judgment." *Id.* at 403.  The *Tapper* court held that since the "claim that the statute of limitations had run does not deprive the court of jurisdiction," *id.* at 403, the taxpayer cannot appeal the judgment.  As in *Tapper,* Miles' stipulation to the judgment below precludes Miles from appealing its statute of limitations claim.

## CONCLUSION

For the foregoing reasons the judgement of the United States Tax Court is AFFIRMED.