993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James R. MATHESON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70634.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided May 19, 1993.
 
 Before: HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant James R. Matheson appeals the decision of the United States Tax Court affirming the Internal Revenue Service's ("IRS") assessment of a $26,697 deficiency in Matheson's 1983 federal income tax return. Matheson claims the Tax Court did not have jurisdiction because the notice of deficiency was sent after the three year statute of limitations had expired; the Tax Court's determination that appellant had no "profit objective" in the gold mine investment at issue was clearly erroneous; and that the IRS's administration of the tax code and collection of taxes is unconstitutional under the separation of powers doctrine.
 
 
 3
 We conclude all of appellant's arguments are meritless and affirm the decision of the Tax Court.
 
 
 4
 * INSUFFICIENCY OF NOTICE
 
 
 5
 Appellant first alleges the Tax Court lacked subject matter jurisdiction to consider this issue because the deficiency notice was sent by the IRS after the statute of limitations had expired. He also contests the Tax Court's refusal to permit him to call a witness who would allegedly have testified that Matheson placed his 1983 return in the U.S. Mail on April 14, 1984.
 
 
 6
 Matheson incorrectly argues that the IRS's failure to meet the three year statute of limitations on assessing a tax deficiency in 26 U.S.C. § 6501(a) is a jurisdictional question. Rule 39 of the Tax Court Rules and Procedure states:
 
 
 7
 A party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the statute of limitations. A mere denial in a responsive pleading will not be sufficient to raise any such issue.
 
 
 8
 (emphasis added). Thus a claim that the statute of limitations has expired is an affirmative defense, and not a jurisdictional issue. "The statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court." Robinson v. Commissioner, 57 T.C. 735, 737 (1972). See also United States v. Carter, 906 F.2d 1375, 1378 (9th Cir.1990).
 
 
 9
 Furthermore, Rule 34(b)(4) states the petition must provide: "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability.... Any issue not raised in the assignment of errors shall be deemed to be conceded." Thus a failure to plead the statute of limitations defense constitutes a waiver under Rule 34. "[T]he statute of limitations is a defense which may be waived, and a claim that the statute of limitations has run does not deprive the court of jurisdiction." Tapper v. Commissioner, 766 F.2d 401, 403 (9th Cir.1985).
 
 
 10
 The Tax Court deemed Matheson to have waived this affirmative defense because he failed to raise that issue in his pleadings. Rule 39 clearly states the statute of limitations must be affirmatively pled. Matheson did not so plead. At trial, Matheson's attorney, who had entered the case at least one month previously, admitted his awareness of that requirement. Nonetheless, this defense was not raised until the day of trial. The Tax Court did not abuse its discretion in refusing to allow Matheson to assert that defense at trial.
 
 
 11
 Because we determine the Tax Court did not abuse its discretion in denying Matheson's last-minute attempt to raise that affirmative defense, we need not address the issue of whether the Court should have allowed appellant's witness, offered at the last minute to support that defense, to testify.
 
 II
 PROFIT OBJECTIVE
 
 12
 Matheson next contends the Tax Court erred when it disallowed deductions for his investments in the Silurian Mine because he did not have a bona fide objective of making a profit. We review the Tax Court's factual determination of whether investments were undertaken primarily for profit under the clearly erroneous standard of review. Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 727 (9th Cir.1986).
 
 
 13
 Under 26 U.S.C. § 616(a), a taxpayer may deduct "all expenditures paid or incurred during the taxable year for the development of a mine or other natural deposit ... if paid or incurred after the existence of ores or minerals in commercially marketable quantities has been disclosed." However, "[a] taxpayer may deduct development costs only if the primary objective of the mining venture was to make a profit." Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988).
 
 
 14
 The facts in this case are almost identical to those examined by this court in Collins, where we likewise upheld the Tax Court's determination that the only practical economic benefit of a mining operation was the creation of income tax losses. Id. at 1386. It is not necessary to recite all of the evidence which indicates quite strongly the primary purpose of Matheson's Silurian Mine investment was not profit, but the generation of large tax deductions. We note specifically the fact that Matheson allegedly invested $55,000 in a mining operation with no negotiation and minimal, if any, research; the pamphlets promulgated by the company stressed the tax benefits of the investment, touting that investors could claim a $100,000 deduction with only a $500 investment; the $43,000 note signed by Matheson, which provided the bulk of the deduction, was secured only by any minerals which might be extracted from his claim; and the fact the mine was never in commercial operation. To paraphrase Collins, it appears Matheson prospected for gold, not in the desert near Baker, but in the provisions of the Internal Revenue Code.
 
 
 15
 Matheson is correct in asserting the "generic tax shelter" test of Rose v. Commissioner, 88 T.C. 386 (1987), aff'd, 868 F.2d 851 (6th Cir.1989), which was applied by the Tax Court, is generally disfavored by the courts. See, e.g., Rose v. Commissioner, 868 F.2d 851, 853-854 (6th Cir.1989); Donahue v. Commissioner, 61 T.C.M. (CCH) 2460, 2468-69 (1991), aff'd, 959 F.2d 234 (6th Cir.1992). However, we agree with the Tax Court's conclusion in this case that the result it reached would be the same whether it applied the "generic tax shelter" test of Rose, or the test of "whether the transaction 'had any practical economic effects other than the creation of income tax losses.' " Collins, 857 F.2d at 1385 (quoting Sochin v. Commissioner, 843 F.2d 351, 354 (9th Cir.), cert. denied, 488 U.S. 824 (1988)).
 
 
 16
 We view with considerable dismay and concern the frivolous factual arguments made by appellant in his brief. Matheson argues that he had no motive to engage in a tax shelter because the amount invested was equal to the amount he would have paid in taxes on the invested amount. Matheson argues: "Since the $12,000 investment was the same as the tax on $50,000 there was no tax benefit to Matheson and therefore no tax motivation to the transaction." Appellant's Brief at 12. That is simply not true. As appellant is well aware, and as the Tax Court noted in a footnote in its decision, the deductions for the $12,000 investment resulted in an assessed deficiency of $26,697. Thus Matheson had a $14,697 motivation to engage in the transaction.
 
 
 17
 Even more egregious is Matheson's ridiculous argument that, unlike the taxpayers in Collins, he "personally visited" the mining operation on several occasions. Matheson argued: "In Collins, the Court also was aware that the Collins' never visited the location of their mine; in contrast, Matheson has personally flown over the site of his mine on usual [sic] occasions, both to specifically inspect for patterns indicating high gold yield potential at the site, and to generally view operations at the site on a regular basis." Appellant's Brief at 14. As appellant was forced to admit during cross-examination at the Tax Court trial, these "visitations" occurred while Matheson was piloting a United Airlines commercial flight en route over that area at an altitude of at least 12,000 feet. To argue that Matheson flew over the site "to specifically inspect" the mining operation, when in fact he was doing nothing more than piloting a commercial aircraft, is a deliberate falsehood. The fact that he thought this court or any other court would believe he was "personally" and "specifically" viewing mining operations from a commercial airliner at an altitude of at least two miles insults our intelligence.
 
 
 18
 Because the Tax Court correctly determined Matheson's investments in the Silurian operation were not "for profit", he was properly assessed a $26,697 deficiency by the IRS.[1]
 
 III
 UNCONSTITUTIONALITY OF TAX COLLECTION
 
 19
 Matheson finally claims the collection of taxes by the IRS, an executive branch agency, is an unconstitutional violation of the separation of powers, as the taxing power is exclusively legislative.
 
 
 20
 It is certainly undisputed the Constitution delegates solely to Congress the power to "lay and collect" taxes. U.S. Const. art. I, § 8. This taxing authority was extended to the collection of income tax by the Sixteenth Amendment. However, Congress may delegate authority to executive agencies to implement its programs. Under the necessary and proper clause of art. I, § 8, any constitutionally granted congressional power "implies a power [to delegate] authority under it sufficient to effect its purposes." Lichter v. United States, 334 U.S. 742, 778 (1948). See also J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 406-407 (1928). Such a delegation of authority does not violate the separation of powers as long as it is "accompanied by sufficient guidelines and standards for the exercise of the authority." United States v. Davis, 564 F.2d 840, 844 (9th Cir.;1977), cert. denied, 434 U.S. 1015 (1978);.
 
 
 21
 There are more than sufficient standards contained in the Internal Revenue Code to guide the executive branch, through the Internal Revenue Service, in the performance of its constitutional function of enforcing the legislation enacted by Congress. Appellant's assertions to the contrary are frivolous.[2]
 
 
 22
 The decision of the United States Tax Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Matheson is not entitled to a deduction even for the $12,000 he actually invested--absent a bona fide profit objective, deductions are allowed only to the extent the activity produces income. 26 U.S.C. § 183; Donahue, 61 T.C.M. at 2467. As Matheson derived no income from this activity, he cannot deduct his actual investment
 
 
 [2]
 Appellant's argument concerning the constitutionality of the IRS mysteriously metamorphosed in appellant's reply brief into a constitutional argument on the legitimacy of the United States Tax Court. An appellant may not raise an argument for the first time in a reply brief. Sanchez v. City of Santa Ana, 915 F.2d 424, 430 (9th Cir.1990), cert. denied, 112 S.Ct. 66 (1991). Thus we do not address that argument, although we do encourage appellant to read the cases which have long since decided that issue. See, e.g., Redhouse v. Commissioner, 728 F.2d 1249, 1253 n. 2 (9th Cir.), cert. denied, 469 U.S. 1034 (1984)