26 F.3d 130
 74 A.F.T.R.2d 94-5007
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bertrand L. GIFFIN, aka Bert L. Giffin; Catherine R.
Giffin, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70271.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Giffins appeal from the IRS's decision that the notice of tax deficiency on their 1982 income tax return was issued within 90 days of the date that the "office considering the case" received their 872-T notice, as required by Form 872-A.
 
 
 3
 The Giffins first argue that the Santa Ana office to which their attorney mistakenly sent the 872-T notice was "considering the case." But that office was only considering the income tax return of the Southhampton Music Company. At the Giffins' own request, the examination of their 1982 tax returns was transferred from Santa Ana, California (Laguna Niguel district), to El Monte, California (Los Angeles district). Moreover, the El Monte office sent the Giffins documents stamped with the Los Angeles District stamp and requested an extension of the limitations period for assessment in 1985, and the Giffins mailed the form back to the El Monte office. The El Monte office sent them an additional form in 1986. It was clearly the El Monte office--not the Santa Ana office--that was "considering the case." Thus, the 90-day statute of limitations ran from the date the El Monte office received notice of termination of consent in the 872-T form. See Tapper v. Commissioner, 766 F.2d 401, 404 (9th Cir.1985) (taxpayer's communication of Form 872-T information was not sufficient to termination extension where taxpayer mailed it to the wrong division of the IRS); Hale v. Commissioner, 55 T.C.M. (CCH) 1127, 1130 (1988); Burke v. Commissioner, 53 T.C.M. (CCH) 1279, 1280-81 (1987).
 
 
 4
 The Giffins point to evidence showing that IRS officials in the Laguna Niguel office, while routing the Giffins' form 872-T to Los Angeles, computed the limitations period as if it began to run while Form 872-T was still in Laguna Niguel. Based on these computations, the Giffins contend that the Commissioner himself believed that the Laguna Niguel district was also considering the case. We do not view this evidence as significant. The purpose of the 90-day notice period is to insure that the IRS personnel considering the return have significant time to complete their evaluation. This purpose would be defeated if personnel in other offices who are not considering the return could act unilaterally to start the limitations period.
 
 
 5
 The Giffins make a vague allegation that the Commissioner is estopped from arguing that the Laguna Niguel district was not considering the case "[i]n light of the confusing array of points of origin" in the IRS letters the Giffins received in 1985 and 1986, AOB at 23 n. 21, and the fact that the Giffins never received formal notice of a transfer. To invoke estoppel, the Giffins must show not only the traditional elements of knowing misrepresentation of fact by the IRS, reasonable belief that the Giffins would rely on the misrepresentation, their ignorance of true facts and reasonable reliance to their detriment; to invoke estoppel against the government, they must also show " 'affirmative conduct going beyond mere negligence,' " and that " 'the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability.' " Watkins v. United States Army, 875 F.2d 699, 707, 709 (9th Cir.1989) (en banc) (quoting Wagner v. Director, Federal Emergency Management Agency, 847 F.2d 515, 519 (9th Cir.1988)). The Giffins don't argue they satisfy any of the elements, AOB at 21-24, and the record wouldn't support such an argument anyway.
 
 
 6
 Accordingly, the IRS's notice of deficiency was timely issued within 90 days of receipt of the 872-T form by the El Monte office.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3