110 F.3d 72
 79 A.F.T.R.2d 97-1983, 97-1 USTC P 50,357
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur L. VALDEZ; Geraldine Arlene Valdez, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70011.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided March 25, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The Tax Court did not err in enforcing the stipulated settlement.
 
 
 4
 We reject the Valdezes' contention that by its terms the stipulation was to be binding only if and after an appellate court reviewed the Seykota test cases. The stipulation clearly contemplated that an appeal might not be taken. For example, the Valdezes stipulated that they would submit an agreed decision when the Seykota cases became final under I.R.C. § 7481. A case becomes final under section 7481 when the time for filing a notice of appeal expires. See I.R.C. § 7481(a)(1). If the parties to the test cases did not file a notice of appeal, an appellate court could not review those cases. The stipulation also acknowledged that an appeal might not be taken by describing the parties' obligations "[i]f the decision in Seykota ... is appealed." (ER 49-50 (emphasis added)). The word "if" shows that the parties were uncertain whether the Seykota cases would be appealed.
 
 
 5
 By failing to raise them in the Tax Court, the Valdezes have waived their arguments (1) that the Tax Court should have rescinded the stipulation on unilateral mistake grounds, and (2) their attorney's allegedly ineffective assistance was an extraordinary circumstance that warranted reopening their case. See Melvin v. CIR, 894 F.2d 1072, 1076 (9th Cir.1990).
 
 
 6
 In view of the stipulation, we cannot review the merits of the case. Parties may not appeal a judgment entered with their consent. Tapper v. CIR, 766 F.2d 401, 403 (9th Cir.1985). The stipulated settlement states that the Valdezes consented to have judgment entered against them when the Seykota test cases were final.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3