**MATTEL, INC., a Delaware corporation, Plaintiff— Appellee,**

v.

**99 CENTS ONLY STORES, a California corporation, Defendant—Appellant,**

and

**O.K.K. Trading, Inc., a California corporation, Defendant.**

No. 02–56426.

D.C. No. CV–01–05335–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 7, 2003.

Jill M. Pietrini, Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Plaintiff–Appellee.

David W. Grace, Loeb & Loeb, Los Angeles, CA, for Defendant–Appellant.

William L. Niu, Warmuth and Niu, Monterey Park, CA, for Defendant.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

■ Ninety-nine Cents Only Stores ("99 Cents") appeals the judgment and injunction entered by the district court pursuant to its offer under Rule 68 of the Federal Rules of Civil Procedure to plaintiff-appellee Mattel, Inc. ("Mattel"). The offer, which Mattel accepted, allowed entry of a permanent injunction against 99 Cents "on terms to be decided by the trial judge in his discretion" enjoining it from further sale or distribution of "the allegedly infringing products." Both parties submitted proposed injunctions, and the district court entered Mattel's broader version. On appeal, 99 Cents claims that the district court's injunction goes beyond the terms of the Rule 68 offer and violates Rule 65(d), and that any ambiguities as to the meaning of the offer should be addressed through an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm as modified in part and vacate in part.

We first address Mattel's contention that, because 99 Cents consented to the entry of judgment via the Rule 68 offer, we either lack jurisdiction to hear this case or should find that 99 Cents waived its right to appeal.[1] Mattel is correct that "[t]he normal rule is that a party cannot appeal from an order which it consented to have entered against it." *Christian Sci.*

*Reading Room Jointly Maintained v. City & County of S.F.*, 784 F.2d 1010, 1017 (9th Cir.1986). An exception to that rule, however, is that a party can appeal a judgment to which it allegedly consented when it claims there was no actual consent. *See Tapper v. Comm'r*, 766 F.2d 401, 403 (9th Cir.1985) (per curiam); *see also Swift & Co. v. United States*, 276 U.S. 311, 324, 48 S.Ct. 311, 72 L.Ed. 587 (1928) ("Decrees entered by consent have been reviewed upon appeal ... where there was a claim of lack of actual consent to the decree as entered ...." (citations omitted)). That is exactly the case here: 99 Cents claims that it did not consent to the injunction that was entered.

■ Turning to the merits of the case, we agree with 99 Cents that the Rule 68 offer is clear, but we find that its text plainly gave the district court discretion in crafting the terms of the injunction.[2] However, we find that the discretion conferred on the district court was neither as narrow as 99 Cents now claims or as broad as Mattel would have it. We therefore affirm most of the injunction entered by the district court. At the same time, the plain terms of the Rule 68 offer did set some limits to the discretion given to the district court. We find that two portions of the judgment and injunction exceed that discretion: first, section F. of the judgment, which states that 99 Cents acknowledges the validity and ownership of Mattel's trade dress and copyrights in its "Max Steel" action figures; and second, all but the last sentence of paragraph d. of the injunction (paragraph I. 2. d. on page 4 of the judgment), which purports to enjoin

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that the appealability of a consent judgment is probably best analyzed as an issue of waiver, not jurisdiction. *See* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3902, at 92 (2d ed.1992).

2. Because we find the terms of the Rule 68 offer to be unambiguous, we also find that the district court did not abuse its discretion in not holding an evidentiary hearing.

99 Cents from engaging in a number of activities involving goods that might be confused as being sponsored, authorized or endorsed by Mattel. Both of these provisions go beyond the scope of the Rule 68 offer. We therefore vacate those portions of the judgment and injunction pursuant to 28 U.S.C. § 2106. *See United States v. BNS Inc.,* 858 F.2d 456, 466 (9th Cir. 1988).[3]

The remaining claims are without merit. The district court's injunction did not violate Rule 65(d). To the extent that a statement of reasons for the injunction may have been required in this situation, the judgment gave a sufficient explanation by stating that the parties had agreed to resolve the case by way of the judgment. The injunction was also sufficiently specific in its terms and included a large number of exhibits to give 99 Cents proper notice of Matter's trademarks and copyrights. Finally, we reject both parties' claims that attorneys' fees on appeal should be awarded in this case.

To summarize, we affirm the district court's judgment except that we vacate section F. of the judgment, and all but the last sentence of paragraph d. of section I. 2. of the judgment. We also modify the word "paragraph" in the last sentence of paragraph d. of section I. 2. of the judgment to now read "injunction."

AFFIRMED as modified in part; VACATED in part. Each party shall bear its own costs on appeal.

---

3. The remaining sentence of paragraph d. reads: "This paragraph shall not preclude 99¢ Stores from buying, selling or advertising genuine products of Mattel." In light of our decision to vacate the rest of that paragraph, we modify that sentence to now read: "This injunction shall not preclude 99¢ Stores from buying, selling or advertising genuine products of Mattel."

