**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD JULIAN HANSON, pro se; KATHY ANN HANSON, <br><br> Petitioners - Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent - Appellee. | No. 13-70545 <br><br> Tax Ct. No. 24496-11 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted December 5, 2014[**]

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Ronald Julian Hanson and Kathy Ann Hanson appeal pro se from the Tax

Court's decision, pursuant to the parties' stipulation, that there were deficiencies in

the Hansons' 2008 and 2009 income tax, but no penalty owed for the 2009 tax

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

year.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We affirm.

The Hansons have waived their right to appeal the Tax Court's decision that was entered upon the parties' stipulation because the two exceptions to the rule that a party cannot appeal a judgment entered with its consent are not applicable here. *See Tapper v. Comm'r*, 766 F.2d 401, 403 (9th Cir. 1985) (per curiam) (concluding that taxpayers could not appeal from a stipulated judgment entered by the Tax Court because the Tax Court had jurisdiction to enter the judgment and the parties consented); *see also Gatto v. Comm'r*, 1 F.3d 826, 828 (9th Cir. 1993) ("[A] party implicitly surrenders its right to appeal a civil judgment, on other than jurisdictional grounds, by consenting to be bound by that judgment.  An explicit waiver of appeal rights is not necessary.").

**AFFIRMED.**