**William J. BEER, Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 83–1386.**

United States Court of Appeals, Sixth Circuit.

Argued March 29, 1984.

Decided May 8, 1984.

Rehearing Denied June 12, 1984.

Robert W. Gagniuk (argued), Pontiac, Mich., for petitioner-appellant.

Kenneth W. Gideon, Chief Counsel, I.R.S., Washington, D.C., Glenn L. Archer, Jr., Michael Paup, David English Carmack (argued), Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before CONTIE and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Petitioner, William John Beer, appeals from the decision of the Tax Court granting the summary judgment motion of the Commissioner of Internal Revenue (Commissioner) and sustaining the Commissioner's determination that petitioner was liable for income tax deficiencies totalling $30,622.52 for the years 1972–1975.

Petitioner, a lawyer and a judge of the Michigan Circuit Court, filed federal income tax returns for the tax years 1972–1975. In each of these returns he set forth the income he received as a state court judge but claimed that this income was exempt from federal taxation under the United States Constitution. He therefore claimed the amounts withheld from his salary as a refund. The Internal Revenue Service refunded the amounts withheld routinely on the basis of the refund request on the face of the returns.

Petitioner, at the time of filing these returns, was engaged in litigating his tax liabilities for the tax years 1969–1971 under a similar claim of constitutional immunity from taxation. This claim proved unsuccessful. *See Beer v. Commissioner of Internal Revenue*, 64 T.C. 879 (1975), aff'd without published opinion, 77–2 U.S.T.C. at ¶ 9491 (6th Cir.1976), *cert. denied*, 431 U.S. 938, 97 S.Ct. 2650, 53 L.Ed.2d 255 (1977).

During the pendency of this earlier case, the Commissioner, through a series of agreements, allowed petitioner an extension of time for the issuance of a deficiency notice in connection with the tax years involved in the instant case. The last such agreement expired on December 30, 1980; by that time, however, the Commissioner had issued a deficiency notice to petitioner, and petitioner had instituted this action.

The Tax Court again rejected the petitioner's contention, unsupported by any substantial authority, that his judicial salary was constitutionally exempt from taxation. It also rejected petitioner's contention that the Commissioner had failed to seek the proper remedy for recovery of the taxes at issue, and petitioner's argument that the refund of the withheld taxes estopped the Commissioner from seeking recovery of the taxes.

On appeal, petitioner contends that I.R.C. § 7405(b) providing that the United States may recover in a civil action any portion of a tax that has been "erroneously refunded" is the Commissioner's sole remedy, which is time barred because the Commissioner failed to bring such a suit within two years after its refund to petitioner, as required under I.R.C. § 6532(b). We find that the Tax Court correctly held that the Commissioner had the option of proceeding against petitioner under section 7405 or under the deficiency procedures set forth in sections 6211 through 6216 of the Internal Revenue Code. *See, e.g., Warner v. Commissioner of Internal Revenue*, 526 F.2d 1 (9th Cir.1975); *United States v. C & R Investments, Inc.*, 404 F.2d 314 (10th Cir.1968); *Pesch v. Commissioner of Internal Revenue*, 78 T.C. 100 (1982). Accordingly, since the tax in dispute between the parties is within the definition of "deficiency," *see* I.R.C. § 6211, the Commission-

er's election to utilize the deficiency procedures against petitioner was proper. Furthermore, the Commissioner's notice of deficiency to petitioner issued pursuant to I.R.C. § 6501(c)(4) providing for extension by agreement of the three-year statute of limitations generally applicable under the deficiency procedures, see I.R.C. § 6501(a), was timely. The Commissioner issued its notice of deficiency to petitioner on July 25, 1980, well before the December 30, 1980, expiration date of the last extension agreement between petitioner and Commissioner. Petitioner's argument that his extension agreements were coerced, or made without consideration, particularly in his position as a judge, are simply unfounded.

■ We also find that the Tax Court correctly held that the refund of the withheld taxes by the Internal Revenue Service did not estop the Commissioner from collecting the deficiency from petitioner. The refunds at issue resulted from a mistake of law in regard to petitioner's claim of constitutional immunity from taxation. The administrative refunds effected did not amount to a final determination of the tax that might ultimately be due; they were subject to final audit and adjustments. *Clark v. Commissioner*, 158 F.2d 851 (6th Cir.1946); *Rountree v. Commissioner*, 456 F.2d 1110 (6th Cir.1972). "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." *Automobile Club v. Commissioner of Internal Revenue*, 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1954). *See also Commissioner of Internal Revenue v. Mooneyhan*, 404 F.2d 522, 528 (6th Cir.1968), *cert. denied*, 394 U.S. 1001, 89 S.Ct. 1593, 22 L.Ed.2d 778 (1969) ("The doctrine of equitable estoppel ... cannot prevent the Commissioner from correcting a mistake of law no matter where respondent was led.").

1. This section provides:
   Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500.00 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand

■ That the refunds resulted from a mistake of law is clear. It has been settled since 1939 that there is no constitutional prohibition against imposing federal income tax on the salaries of state officials. *See Graves v. New York*, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927 (1939). On this appeal, petitioner persists in arguing that his salary as a state judge is exempt from federal income tax, despite the sound rejection of a similar claim made by him in *Beer v. Commissioner of Internal Revenue, supra*, and by the Tax Court in the proceedings below. While we cannot conclude that the Tax Court erred by not assessing sanctions under I.R.C. § 6673 [1] we find that assessment of double costs against petitioner is appropriate in this case.

Accordingly, we affirm the decision of the Tax Court on all issues raised by petitioner, and we assess double costs against the petitioner. 28 U.S.C. § 1912.

from the Secretary and shall be collected as a part of the tax.
This section was amended by section 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324, 574, to provide for damages up to $5,000.00 for those suits commenced in Tax Court after December 31, 1982. The amendment does not affect the instant action since it was commenced in 1980.