THOMAS L. BAASCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baasch v. Commissioner
Docket No. 8439-89
United States Tax Court
T.C. Memo 1991-134; 1991 Tax Ct. Memo LEXIS 153; 61 T.C.M. (CCH) 2240; T.C.M. (RIA) 91134; March 25, 1991, Filed *153 Decision will be entered under Rule 155. Thomas L. Baasch, pro se. Monica E. Koch, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION In a statutory notice dated January 26, 1989, respondent determined a deficiency of $ 1,955 in petitioner's Federal income tax for 1985. Petitioner raises a statute of limitations issue and various constitutional and tax protestor type issues. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner resided in Islip, New York, when he filed his petition. Petitioner is a retired electrical engineer. In 1985, petitioner operated a small consulting business out of an office he rented in Amityville, New York. Petitioner filed his Federal income tax return for 1985 on April 15, 1986. See sec. 6501(b)(1). On the return, petitioner reported no income from his consulting business, but he claimed $ 7,567 in deductible Schedule C business expenses relating to the business. After reporting other income, deductions, and credits, petitioner's 1985 tax return reflected a total tax liability of $ 258 and claimed a tax overpayment of $ 2,549. The return requested that $ 500 of the claimed overpayment *154 be credited to petitioner's 1986 income tax liability and that $ 2,049 be refunded. On May 26, 1986, petitioner received from respondent the $ 2,049 refund. On November 4, 1987, an audit was initiated by respondent with regard to petitioner's 1985 Federal income tax liability. During the audit, respondent's auditing agent requested information and documentary substantiation from petitioner regarding, among other things, the business expenses claimed on petitioner's 1985 tax return. Petitioner generally refused to provide respondent's agent with any meaningful information regarding the questioned items. Instead, petitioner responded in writing as follows: You should be informed that I am now in litigation with the United States as represented by the Internal Revenue service and TII Corporation in Federal Court and you are interfering with the conduct of my suit. Furthermore, the statute of limitations has run on most of the years that you attempt to audit, and as to the remainder, I do not wish to bear witness against myself -- taking the Fifth Amendment. Each of my returns was signed by me under penalty of perjury. It appears that the burden of proof should be upon you *155 to disprove my return filings. If you compel the audit, you might, at your whim, violate my right to self incrimination protection under the Fifth Amendment and seizure, under the Fourth Amendment of the Constitution. TAKE NOTICE that because of my involvement with litigation, and for reasons given above, I decline your invitation to appear on January 7, 1988. This letter serves as my appearance, so keep it with any "failure to appear" report that you may make.
In November of 1988, respondent's auditing agent proposed a number of adjustments to petitioner's 1985 Federal income tax return, including the disallowance for lack of substantiation of the $ 7,567 in Schedule C expenses. On November 16, 1988, respondent requested petitioner to extend the three-year statute of limitations on assessment with regard to his 1985 Federal income tax liability. On December 16, 1988, petitioner responded, in part, as follows: I completely disagree with your proposal which apparently was in retribution for my traverse of your 10-year red herring hunt. I consider the 1985 audit as fair, and will comply. I expect to support all of the items on your list and will look for items that I *156 missed so as to provoke a refund. As for the extension of Statute of Limitations; I decline, and if I fail to convince you of my business legitimacy, you have the 90-day letter at your disposal.
Petitioner declined to extend the statute, and on December 31, 1988, respondent mailed to petitioner a 30-day letter setting forth the referred-to adjustments. On January 26, 1989, respondent mailed to petitioner the statutory notice of deficiency. OPINION Petitioner refers to himself as a "student of the law" and raises numerous constitutional arguments that repeatedly have been rejected. Among other things, petitioner argues that the Tax Court is unconstitutional, that respondent's audit was arbitrary and in violation of his rights of privacy and due process, and that (absent service on him of a summons) his failure to turn over records during the audit cannot be held against him. Petitioner also argues that respondent's allowance of the $ 2,049 overpayment requested on his 1985 Federal income tax return estops respondent from now challenging the deductions claimed on the return, or at the least that respondent should now have the burden of proof with regard to such items. *157 We reject all of petitioner's arguments. The evidence does not indicate that respondent made anything other than a good faith effort to examine petitioner's 1985 Federal income tax return. The notice of deficiency in this case is entitled to the ordinary presumption of correctness. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933). The burden of proof is on petitioner to establish that the determinations therein are incorrect. Rule 142(a). [1]
Contrary to petitioner's argument, petitioner's mere assertion that his return was correct does not satisfy petitioner's burden of proof and does not place the burden of proof on respondent. See Geiger v. Commissioner, 440 F.2d 688 (9th Cir. 1971), affg. per curiam a Memorandum Opinion of this Court; Halle v. Commissioner, 7 T.C. 245 (1946), *158 affd. 175 F.2d 500 (2d Cir. 1949). This is particularly true where petitioner has evidence within his control which he asserts would support his position but where he refuses to produce it. O'Dwyer v. Commissioner, 266 F.2d 575, 584 (4th Cir. 1959), affg. 28 T.C. 698 (1957); Stoumen v. Commissioner, 208 F.2d 903, 907 (3d Cir. 1953), affg. a Memorandum Opinion of this Court. At trial, petitioner did provide limited substantiation of office rental expenses, of office utility expenses, and of fuel expenses relating to his office to which respondent then stipulated. Petitioner, however, acknowledging that he had in his possession additional documentation, refused to produce any further substantiation for the other expenses disallowed by respondent. On the facts of this case, and except for those conceded by respondent, we sustain respondent's disallowance of the expenses at issue. Petitioner argues further that because respondent in 1986 refunded to petitioner $ 2,049 of the overpayment reflected on his 1985 Federal income tax return -- which amount exceeds the amount of the deficiency in issue -- respondent *159 should be estopped from attempting to recoup any portion thereof that was erroneously refunded to petitioner by any means other than a suit for erroneous refund pursuant to section 7405, and that such a suit would be barred by the two-year statute of limitations set forth in section 6532(b). In Warner v. Commissioner, 526 F.2d 1 (9th Cir. 1975), affg. a Memorandum Opinion of this Court, however, this argument was rejected and respondent's authority to proceed under the deficiency procedures (to which the three-year statute of limitations is applicable) was upheld. As stated by the Ninth Circuit -- Alas, the Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look. This necessity cannot serve as the basis of an "estoppel." [526 F.2d at 2.]
See also Gordon v. United States, 757 F.2d 1157 (11th Cir. 1985); Beer v. Commissioner, 733 F.2d 435 (6th Cir. 1984), affg. a Memorandum Opinion of this Court. For the reasons stated, Decision will be entered under Rule 155 *160 . Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as in effect for the year in issue.↩