T.C. Summary Opinion 2011-68

UNITED STATES TAX COURT

HARLEY G. WEROS AND MURIEL B. WEROS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12862-09S.                    Filed June 13, 2011.

Harley G. Weros and Muriel B. Weros, pro sese.

John P. Healy, Reid Michael Huey, and James L. Gessford, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all section references are to the Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $4,182 deficiency in petitioners' Federal income tax for 2006. After concessions,[2] the issues for decision are whether respondent may use the normal deficiency procedures to collect an erroneous refund paid to petitioners, and whether petitioners underreported their income from capital gains by $8,869.

Petitioners resided in North Dakota when the petition was filed.

### Background

Petitioners received $25,572 in Social Security benefits in 2006. They also received $4,406 in capital gain distributions from Fidelity Select Health Care Fund (Select) and $15,439 in capital gain distributions from Fidelity Magellan Fund (Magellan) in 2006. Petitioners received $1,031 in dividend income in 2006 from multiple funds, including Select and Magellan. The dividends were reinvested in the respective funds.

---

[2] Respondent concedes that petitioners are entitled to a $12,500 standard deduction for 2006, an increase of $2,000 from the $10,500 deduction for which they were given credit. Petitioners concede that they understated interest income by $241 and taxable dividends by $131 in 2006. Some of the dividends may be qualified dividends that are subject to a reduced tax rate, and petitioners' concession may require new computations. Accordingly, the decision in this case will be entered under Rule 155.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for 2006, and paid the $4,828.48 balance of tax due with their return.  Petitioners reported only $10,976.85 in taxable capital gain distributions for 2006 despite receiving combined distributions of $19,845 from Select and Magellan.

Petitioners properly reported $21,736.20 in taxable Social Security benefits on line 20b of their 2006 return.  However, respondent inadvertently omitted the taxable portion of petitioners' Social Security benefits when processing petitioners' 2006 return.  In other words, an Internal Revenue Service (IRS) employee, when entering the information from petitioners' return into the IRS computer system, entered zero as the amount of petitioners' taxable Social Security benefits. This error lead to respondent's issuing a refund to petitioners of $2,873.04 on June 11, 2007.[3]  On March 30, 2009, respondent issued to petitioners a notice of deficiency, adjusting petitioners' income from capital gains, Social Security benefits, interest, and dividends.

## Discussion

### I.  Social Security Benefits

Petitioners argue that respondent was grossly dishonest and has forfeited his right to recover the amounts refunded to them.

---

[3]  Petitioners reported a $6,202.84 total tax on their 2006 return, but respondent assessed only $3,329.80.  Accordingly, the $2,873.04 difference refunded to petitioners was never assessed.

They believe respondent should have to pay the price for his unilateral mistake and should be estopped from determining a deficiency.

The Commissioner has more than one remedy to recover erroneous refunds; these include bringing a civil suit under section 7405 and following the deficiency procedures under sections 6211 through 6215. Beer v. Commissioner, 733 F.2d 435, 437 (6th Cir. 1984), affg. T.C. Memo. 1982-735; Lesinski v. Commissioner, T.C. Memo. 1997-234. However, the Commissioner may use the deficiency procedures to collect an erroneous refund only if the refund gives rise to a deficiency. See Interlake Corp. v. Commissioner, 112 T.C. 103, 110 (1999); Lesinski v. Commissioner, supra.

Section 6211(a) defines the term "deficiency" as the amount by which the tax actually imposed exceeds--

> (1) the sum of
>
> > (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
> >
> > (B) the amounts previously assessed (or collected without assessment) as a deficiency, over--
> >
> > (2) the amount of rebates, as defined in subsection (b)(2), made.[4]

---

[4] Reduced to mathematical terms, the statutory definition of the term "deficiency" may be stated as follows:

(continued...)

Section 6211(b)(2) defines a "rebate" as an abatement, credit, refund, or other repayment made on the ground that the tax imposed was less than the amount shown on the return and the amounts previously assessed or collected without assessment. See also Groetzinger v. Commissioner, 69 T.C. 309, 314 (1977). Accordingly, not all refunds are rebates. See O'Bryant v. United States, 49 F.3d 340 (7th Cir. 1995); Groetzinger v. Commissioner, supra at 312. Generally, a rebate refund is issued on the basis of a substantive recalculation of the tax owed. See O'Bryant v. United States, supra at 342. A nonrebate refund, however, is issued not because of a determination by the Commissioner that the tax paid is not owing but for some other reason, such as a mistake made by the Commissioner. Id. The rebate versus nonrebate distinction arises from the definition of the term "deficiency" in section 6211; rebate refunds can be included in deficiency computations, while nonrebate refunds cannot. Id.

Respondent's error in failing to include petitioners' Social Security benefits in income gave rise to a nonrebate refund. Consequently, respondent may not seek to recover the erroneous

---

[4](...continued)
Deficiency = correct tax - (tax on return + prior assessments - rebates) = correct tax - tax on return - prior assessments + rebates

See Midland Mortg. Co. v. Commissioner, 73 T.C. 902, 907 (1980); Kurtzon v. Commissioner, 17 T.C. 1542, 1548 (1952).

refund through the deficiency procedures; respondent may pursue recovery of the refund in U.S. District Court under section 7405 unless the appropriate limitations period has expired. See Lesinski v. Commissioner, supra.

## II. Capital Gains

Petitioners argue that the adjustment to their income from capital gains is the result of an unfair and dishonest procedure. At trial Mr. Weros stated that "capital gains have become the cash cow for the Federal government". He contended that IRS rules and procedures are wrong and unfair, and he even expressed his disapproval of the marriage penalty. In their posttrial brief petitioners state: "It is totally unfair, bordering on cheating. We have paid taxes on the same dollars three times in the last twenty years due to a fluid market and poor IRS procedure. We urge the IRS to study the procedure and make honest changes."

Aside from making various policy arguments, which we have no authority to entertain, petitioners do not dispute the information reported on their Forms 1099-DIV, Dividends and Distributions, or the fact that respondent correctly calculated the adjustment to their income from capital gains. Accordingly,

respondent's determination with respect to the adjustment in petitioners' income from capital gains is sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.