T.C. Summary Opinion 2011-79

UNITED STATES TAX COURT

LAWRENCE ALBERT WILLEY AND PHYLLIS KATHLEEN WILLEY,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24208-09S.                    Filed July 5, 2011.

Lawrence Albert Willey and Phyllis Kathleen Willey, pro sese.

<u>Christina L. Cook</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $3,068.

The only issue for decision is whether petitioners are liable for a deficiency in income tax for the year in issue. We hold that they are.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in the State of Minnesota when the petition was filed.

In 2007 petitioners received gross Social Security benefits of $24,048.

On their 2007 Form 1040, U.S. Individual Income Tax Return, petitioners correctly reported on line 20b the taxable amount of their Social Security benefits as $20,441, but left blank line 20a for the gross amount of Social Security benefits. Petitioners also reported adjusted gross income of $77,030, taxable income of $55,372, tax of $7,524, and an amount withheld of $5,262. Petitioners enclosed with their return a check for

$2,262, which is the difference between their reported liability of $7,524 and the total withholding of $5,262.

In processing petitioners' 2007 return, respondent mistakenly concluded, based on petitioners' failure to enter an amount on line 20a, that petitioners did not receive any Social Security benefits and had therefore overreported their income by $20,441 (i.e., the amount appearing on line 20b of petitioners' return as filed). Having so concluded, respondent then recalculated petitioners' tax liability and issued a refund check for $3,077.07 on June 27, 2008.[2] Petitioner Phyllis Kathleen Willey (Mrs. Willey) endorsed the check, and the check was paid on July 7, 2008.

Ultimately, respondent concluded that petitioners had correctly reported the taxable portion of their Social Security benefits and that respondent had erred in issuing petitioners a refund check. Accordingly, by notice of deficiency respondent determined a deficiency in petitioners' income tax for 2007 equal to the erroneous refund of $3,068.

## Discussion[3]

The parties agree that petitioners' correct tax liability for 2007 is $7,524, which petitioners reported as their tax

---

[2] The amount of the refund check includes a $3,068 decrease in tax and $9.07 in interest.

[3] We decide this case without regard to the burden of proof.

liability on their 2007 Form 1040.  Petitioners contend, however, that they should not be liable for the deficiency because they never received or deposited the refund check of $3,077.07.  However, the record clearly demonstrates to the contrary.

At trial respondent introduced a copy of the refund check with a check number of 2309 31851160 listing petitioners as the payees and bearing on the back the endorsement of "Phyllis K. Willey".  In addition, respondent introduced a document titled "TCIS Check Details", which lists petitioners as the payee for check number 2309 31851160, states that the status of the check is "reconciled", and indicates a paid date of July 7, 2008.

Mrs. Willey admitted at trial that the endorsement on the back of the check was in fact her signature, and the record demonstrates that the check was paid on July 7, 2008.  Petitioners claim that they never deposited the check, and they further claim that no deposit was reflected on their bank account records.  However, petitioners did not introduce those records, nor did they deny that they might have simply cashed the check without depositing it.  In any event, we have found as facts that the check was received by petitioners, that it was endorsed by Mrs. Willey, and that it was paid on July 7, 2008, and we conclude that petitioners received the proceeds.

The law is well settled that the making of an erroneous refund does not preclude the Commissioner from issuing a notice

of deficiency to recover the refund.[4]  See <u>Gordon v. United States</u>, 757 F.2d 1157, 1160 (11th Cir. 1985); <u>Beer v. Commissioner</u>, 733 F.2d 435, 437 (6th Cir. 1984), affg. T.C. Memo. 1982-735; <u>Warner v. Commissioner</u>, 526 F.2d 1, 2 (9th Cir. 1975), affg. T.C. Memo. 1974-243.  The Courts of Appeals have stated: "[T]he Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look.  This necessity cannot serve as the basis of an 'estoppel'." <u>Gordon v. United States</u>, <u>supra</u> at 1160 (quoting <u>Warner v. Commissioner</u>, <u>supra</u> at 2).  We must, therefore, reject petitioners' contention and sustain respondent's determination.

---

[4]  We note that the record demonstrates that the refund in the instant case was a "rebate refund" and not a "nonrebate refund".  See sec. 6211(a)(2), (b)(2); sec. 301.6211-1(f), Proced. & Admin. Regs., and the example therein.  This is because a rebate refund is made because of a substantive recalculation by the Commissioner that the tax due is less than the amount shown by the taxpayer on the taxpayer's return.  <u>Acme Steel Co. v. Commissioner</u>, T.C. Memo. 2003-118; <u>Clayton v. Commissioner</u>, T.C. Memo. 1997-327, affd. per curiam without published opinion 181 F.3d 79 (1st Cir. 1998).  In contrast, a nonrebate refund is unrelated to a recalculation of a taxpayer's tax liability, <u>Lesinski v. Commissioner</u>, T.C. Memo. 1997-234; such a refund is typically made because of an accounting, clerical, or computer error by the Commissioner, i.e., "by accident".  <u>Acme Steel Co. v. Commissioner</u>, <u>supra</u>.  In short, "[i]f the refund reflects a recalculation of the taxpayers' tax liability, it is a rebate refund; if the refund is unrelated to a recalculation of tax liability, it is a nonrebate refund." <u>Id.</u>  In the instant case, the refund was issued <u>not</u> because of some clerical mistake or computer error but rather because of respondent's conclusion (albeit erroneous) that petitioners had overstated their income, thereby necessitating a recalculation of petitioners' tax liability.

Accordingly, we hold that petitioners are liable for the deficiency in income tax for 2007 as determined by respondent.

<u>Conclusion</u>

We have considered all of the arguments made by petitioners and, to the extent that we have not specifically addressed any of those arguments, we conclude that they are without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.