T.C. Memo. 2014-118

UNITED STATES TAX COURT

D. LLOYD THOMAS AND BETTY THOMAS a.k.a. ELIZABETH THOMAS,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15989-13.                          Filed June 12, 2014.

        In reporting their Social Security benefits on their return, Ps
left line 20a ("Social security benefits") blank, but correctly entered
the taxable portion on line 20b ("Taxable amount"). In processing
Ps' return, R treated the entry on line 20b as the gross amount and
recomputed the taxable portion. R's error served to increase Ps'
refund by $548.

        Held: Of the refund that Ps received $548 was a rebate refund
because it was based on respondent's recalculation of Ps' tax liability.
See I.R.C. sec. 6211(b)(2).

        Held, further, Ps' rebate refund constitutes a deficiency
recoverable by R through the deficiency procedures. See I.R.C. sec.
6211(a).

[*2]   D. Lloyd Thomas and Betty Thomas, pro sese.

Brock E. Whalen, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, Special Trial Judge:  Respondent determined a deficiency of $548 in petitioners' Federal income tax for 2010.  The issue for decision is whether petitioners are liable for a deficiency attributable to an erroneous refund.  We hold that they are.

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

FINDINGS OF FACT

Many of the facts have been stipulated.  We incorporate by reference the parties' stipulation of facts and the accompanying exhibits.

Petitioners resided in the State of Texas at the time that the petition was filed with the Court.

[*3] <u>Petitioners' Reporting of Their Social Security Benefits</u>

In addition to substantial other income, petitioners received gross Social Security benefits of $26,050 in 2010.  The taxable amount of those benefits was $22,142.50.  <u>See</u> sec. 86.[1]

Petitioners hand-prepared a Federal income tax return, Form 1040, U.S. Individual Income Tax Return, for 2010, and timely filed it.  Petitioners did not report the gross amount of their Social Security benefits, leaving line 20a ("Social Security benefits") blank.  However, petitioners did correctly report the taxable portion of their Social Security benefits on line 20b ("Taxable amount") by entering $22,142.50.

Ultimately, after reporting their other income and claiming applicable deductions, credits, and tax withholding, petitioners claimed an overpayment of $7,313.94, which they requested be refunded to them by direct deposit to their checking account.

<u>Processing of Petitioners' Return</u>

In processing petitioners' 2010 return respondent was confronted with the fact that petitioners had left line 20a blank but had entered an amount on line 20b.

---

[1] Sec. 86 sets forth a formula for determining the taxable portion of a taxpayer's gross Social Security benefits.  In the case of high-income taxpayers such as petitioners, 85% of gross Social Security benefits is taxable.

[*4] Presumably, respondent came to the conclusion that petitioners had overreported the taxable portion of their Social Security benefits, because he treated petitioners' entry on line 20b ($22,142.50) as the gross amount of their benefits. Respondent then recomputed, pursuant to the statutory formula prescribed by section 86, the taxable portion of such benefits, or $18,821.13. This recomputation served in turn to decrease petitioners' adjusted gross income, taxable income, and total tax.

Respondent's recalculation of petitioners' total tax also served to increase the overpayment that petitioners had claimed on their return from $7,313.94 to $7,861.94, a $548 difference. Respondent then refunded, by direct deposit to petitioners' checking account, the $7,861.94 amount, which petitioners received and retained.

Notice of Deficiency and Petition

Sometime after issuing the refund, respondent concluded that petitioners had correctly reported the taxable portion of their 2010 Social Security benefits and that respondent had erred in recalculating their tax. Accordingly, by notice of deficiency respondent determined a deficiency in petitioners' income tax for 2010,

[*5] seeking to recover the erroneous refund.[2]  Petitioners responded by timely

filing a petition for redetermination with this Court.

OPINION[3]

Although petitioners left line 20a of their 2010 return blank, the parties

agree that petitioners correctly reported the taxable portion of their Social Security

benefits on line 20b.  The parties further agree that petitioners received a refund in

an amount larger than that to which they were entitled because respondent

recalculated their tax on the ground that petitioners had overreported the taxable

portion of their Social Security benefits.  Nevertheless, petitioners contend that

they should not be liable for any deficiency because they reported the correct tax

liability and the erroneous refund was attributable to respondent's error.

As will be explained below, the refund at issue in this case is actually a

rebate of tax initially paid by petitioners and erroneously determined by

respondent not to have been due.  In the case of such a "rebate refund" (discussed

infra), the law is well settled that the making of an erroneous refund does not

---

[2] In determining the deficiency, respondent made no other adjustments except for two purely mechanical matters related to percentage thresholds that govern the deductible amount of medical expenses and miscellaneous itemized deductions.  See secs. 213(a) and 67(a), respectively.

[3] The facts relevant to our disposition of the issue before us are not in dispute, and we decide such issue without regard to the burden of proof.

**[\*6]** preclude the Commissioner from issuing a notice of deficiency to recover such refund. See Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir. 1985); Beer v. Commissioner, 733 F.2d 435, 437 (6th Cir. 1984), aff'g T.C. Memo. 1982-735; Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir. 1975), aff'g T.C. Memo. 1974-243.

The law underlying this conclusion is section 6211, which defines the term "deficiency". As relevant herein, section 6211(a) defines a deficiency in tax as the difference between the amount, if any, by which the tax imposed by law exceeds the tax shown by the taxpayer on the taxpayer's return less the amount of any rebate made to the taxpayer. The definition may be expressed by the following equation:

$$\text{deficiency} = \text{tax imposed} - (\text{tax reported} - \text{rebate}),$$

which is mathematically the same as

$$\text{deficiency} = \text{tax imposed} - \text{tax reported} + \text{rebate}.$$

As relevant herein, the term "rebate" is defined by the statute to mean so much of an abatement, credit, refund, or other repayment as was made on the ground that the tax imposed by law was less than the amount shown on the return.

**[*7]** Sec. 6211(b)(2).[4]  A "rebate refund" is made because of a substantive recalculation by the Commissioner (i.e., "on the ground") that the tax due is less than the amount shown by the taxpayer on the taxpayer's return.  See sec. 6211(a)(2), (b)(2); YRC Reg'l Transp., Inc. & Subs. v. Commissioner, T.C. Memo. 2014-112; Acme Steel Co. v. Commissioner, T.C. Memo. 2003-118, 2003 WL 1960416; Clayton v. Commissioner, T.C. Memo. 1997-327, aff'd per curiam without published opinion, 181 F.3d 79 (1st Cir. 1998); sec. 301.6211-1(f), Proced. & Admin. Regs. (and the example therein); see also United States v.

---

[4] Not all refunds are rebates.  An erroneous nonrebate refund is recoverable only through a civil action brought in the name of the United States (or under administrative procedures if those are available).  See sec. 7405; Clark v. United States, 63 F.3d 83, 88 (1st Cir. 1995); Clayton v. Commissioner, T.C. Memo. 1997-327, aff'd per curiam without published opinion, 181 F.3d 79 (1st Cir. 1998).  "Examples of nonrebate refunds are refunds issued because the Commissioner credited a taxpayer's payment twice or the Commissioner applied a payment to the wrong tax year."  Acme Steel Co. v. Commissioner, T.C. Memo. 2003-118, 2003 WL 1960416, at *12.  As illustrative of the types of such accounting errors that give rise to nonrebate refunds, see Clark, 63 F.3d 83 (wrong tax year) and O'Bryant v. United States, 49 F.3d 340 (7th Cir. 1995) (payment credited twice).  Another example of a nonrebate refund is one issued to an unauthorized recipient.  Interlake Corp. v. Commissioner, 112 T.C. 103 (1999) (stating that tentative refunds paid to the former common parent of an affiliated group were paid to the wrong taxpayer; accordingly, the refunds were nonrebate refunds that were not recoverable from the successor common parent through the deficiency procedures).  In short, nonrebate refunds "bear no relation to a recalculation of tax liability".  Acme Steel Co. v. Commissioner, 2003 WL 1960416, at *12.

[*8] Frontone, 383 F.3d 656, 661 (7th Cir. 2004) ("A deficiency can * * * arise as a result of a determination that the rebate * * * was in error.").

In the instant case, the refund was a "rebate refund" because respondent recalculated petitioners' tax liability in consequence of the conclusion, albeit erroneous, that petitioners had overstated the taxable portion of their Social Security benefits. In other words, the refund was a rebate refund because of respondent's admittedly erroneous conclusion that "the amount of tax due is less than the tax shown on the return". Acme Steel Co. v. Commissioner, 2003 WL 1960416, at *12. Or, as we stated in Lesinski v. Commissioner, T.C. Memo. 1997-234, 1997 WL 266961, at *2, a refund is a rebate refund if it is "related to" the recalculation of a taxpayer's tax liability.[5]

Petitioners received a refund of $7,861.94, of which $548 was based on respondent's erroneous recalculation of tax liability in respect of their Social

---

[5] The Court has previously grappled with the thorny matter of erroneous refunds arising from the Commissioner's recalculation of the taxable portion of a taxpayer's Social Security benefits. Compare Weros v. Commissioner, T.C. Summary Opinion 2011-68, with Willey v. Commissioner, T.C. Summary Opinion 2011-79.

**[\*9]** Security benefits.  Accordingly, petitioners received a rebate refund of $548 that, for the reasons explained above, constitutes a deficiency.[6]

Although the Court can appreciate petitioners' frustration in having to repay the erroneous refund that was received in respect of what respondent concedes was the proper reporting of the taxable portion of their Social Security benefits, the fact remains that on the record before us there is no legal basis on which respondent may be estopped from seeking to recover such refund.[7]  See Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988); Century Data Sys., Inc. v. Commissioner, 86 T.C. 157, 165 (1986); see also Dixon v. United States, 381 U.S. 68, 72-73 (1965); McGuire v. Commissioner, 77 T.C. 765, 779-780 (1981).  In sum, petitioners are liable for the tax that the law imposes on their income, and they may not obtain a windfall because of respondent's mistake.[8]

---

[6] This may be mathematically demonstrated by applying the formula for a deficiency as previously discussed, i.e., deficiency = tax imposed - tax reported + rebate.  Because the tax reported by petitioners on their 2010 return was the same as the tax imposed by the Internal Revenue Code, the deficiency is equal to the rebate refund, i.e., $548.

[7] We do not decide nor do we have jurisdiction to decide in the instant case whether any interest accruing on the deficiency should be abated pursuant to sec. 6404(e)(2), which mandates the abatement of interest under prescribed conditions with respect to erroneous refund checks.

[8] Although not germane to our holding, it bears noting that petitioners

(continued...)

**[*10]** Accordingly, the Court holds that petitioners are liable for the deficiency attributable to the erroneous refund.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[8](...continued) contributed to respondent's mistake because of their failure to enter an amount on line 20a of their return.