**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-61

UNITED STATES TAX COURT

RUBEN A. VILLA-IGNACIO AND ZENAIDA A. VILLA-IGNACIO, Petitioners
<u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3340-13S.                              Filed June 30, 2014.

Ruben A. Villa-Ignacio and Zenaida A. Villa-Ignacio, pro sese.

<u>Matthew M. Johnson</u> and <u>Gorica B. Djuraskovic</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,087 in petitioners' Federal income tax for 2010.  After a concession by petitioners,[2] the issue for decision is whether they are liable for a deficiency attributable principally to an erroneous refund.  We hold that they are.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and the accompanying exhibits.

Petitioners resided in the State of Illinois at the time that the petition was filed with the Court.

In 2010 petitioners received gross Social Security benefits of $37,702, which they correctly reported on line 20a of their 2010 Form 1040, U.S.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2010, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioners concede that they failed to report on their 2010 return dividend income of (1) $30 from Exxon-Mobil Corp., (2) $40 from General Electric Co., and (3) $30 from McDonald's Corp.  But see infra note 8.

Individual Income Tax Return. Petitioners also correctly reported the taxable amount of those benefits, $32,047, on line 20b on their return.

In manually processing petitioners' 2010 return, respondent made a transcription error in entering the amount of petitioners' gross Social Security benefits from line 20a. Thus, instead of the amount that petitioners had correctly reported, $37,702, respondent mistakenly entered $32,702, a $5,000 error. This data entry error in turn caused respondent to recalculate, pursuant to the formula prescribed by section 86, the taxable amount of petitioners' Social Security benefits on line 20b from the amount reported by petitioners, $32,047, to $27,796. This then served to decrease the amounts of petitioners' adjusted gross income, taxable income, and total tax.

Respondent's recalculation of petitioners' total tax also served to increase the amount of the overpayment they had claimed on their return as well as to increase the amount of the refund that they subsequently received.[3]

Sometime thereafter, respondent concluded that petitioners had correctly reported both the gross amount and the taxable portion of their 2010 Social Security benefits and that respondent had erred in recalculating their tax as to

---

[3] In processing the 2010 return, respondent also increased the amount of petitioners' overpayment and refund by $800 for a making work pay credit that they had neglected to claim on their return.

those benefits. Accordingly, by notice of deficiency respondent determined a deficiency in petitioners' income tax for 2010 based principally on the erroneous refund.[4] Petitioners responded by timely filing a petition for redetermination with this Court.

## Discussion[5]

The parties agree that petitioners correctly reported both the gross amount and the taxable portion of their Social Security benefits on their 2010 tax return. The parties further agree that petitioners received a refund in an amount larger than that to which they were entitled because respondent recalculated their tax after making a data entry error. Nevertheless, petitioners contend that they should not be liable for the portion of the deficiency attributable to the erroneous refund because such portion is not attributable to any error that they made on their return.

As will be explained below, the refund at issue in this case is actually a rebate of tax initially paid by petitioners and erroneously determined by respondent not to have been due. In the case of such a "rebate refund" (discussed infra), the law is well settled that the making of an erroneous refund does not

---

[4] The notice of deficiency also determined that petitioners had underreported their dividend income by $100. See supra note 2.

[5] The relevant facts are not in dispute; accordingly, we decide the disputed issue without regard to the burden of proof.

preclude the Commissioner from issuing a notice of deficiency to recover such refund.  See Gordon v. United States, 757 F.2d 1157, 1160 (11th Cir. 1985); Beer v. Commissioner, 733 F.2d 435, 437 (6th Cir. 1984), aff'g T.C. Memo. 1982-735; Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir. 1975), aff'g T.C. Memo. 1974-243.

The law underlying this conclusion is section 6211, which defines the term "deficiency".  As relevant herein, section 6211(a) defines a deficiency in tax as the difference between the amount, if any, by which the tax imposed by law exceeds the tax shown by the taxpayer on the taxpayer's return less the amount of any rebate made to the taxpayer.  The definition may be expressed by the following equation:

$$\text{deficiency} = \text{tax imposed} - (\text{tax reported} - \text{rebate}),$$

which is mathematically the same as

$$\text{deficiency} = \text{tax imposed} - \text{tax reported} + \text{rebate}.$$

As relevant herein, the term "rebate" is defined by the statute to mean so much of an abatement, credit, refund, or other repayment as was made on the ground that the tax imposed by law was less than the amount shown on the return.

Sec. 6211(b)(2).[6]  A "rebate refund" is made because of a substantive recalculation

by the Commissioner, i.e., "on the ground" that the tax due is less than the amount

shown by the taxpayer on the taxpayer's return.  See sec. 6211(a)(2), (b)(2); Acme

Steel Co. v. Commissioner, T.C. Memo. 2003-118, 2003 WL 1960416; Clayton v.

Commissioner, T.C. Memo. 1997-327, aff'd per curiam without published

opinion, 181 F.3d 79 (1st Cir. 1998); sec. 301.6211-1(f), Proced. & Admin. Regs.

(and the example therein); see also United States v. Frontone, 383 F.3d 656, 661

(7th Cir. 2004) ("A deficiency can * * * arise as a result of a determination that the

rebate * * * was in error.").

---

[6] Not all refunds are rebates.  An erroneous nonrebate refund is recoverable only through a civil action brought in the name of the United States (or under administrative procedures if those are available).  See sec. 7405; Clark v. United States, 63 F.3d 83, 88 (1st Cir. 1995); Clayton v. Commissioner, T.C. Memo. 1997-327, aff'd per curiam without published opinion, 181 F.3d 79 (1st Cir. 1998).  "Examples of nonrebate refunds are refunds issued because the Commissioner credited a taxpayer's payment twice or the Commissioner applied a payment to the wrong tax year."  Acme Steel Co. v. Commissioner, T.C. Memo. 2003-118, 2003 WL 1960416, at *12.  As illustrative of the types of such accounting errors that give rise to nonrebate refunds, see Clark, 63 F.3d 83 (wrong tax year), and O'Bryant v. United States, 49 F.3d 340 (7th Cir. 1995) (payment credited twice).  Another example of a nonrebate refund is one issued to an unauthorized recipient.  Interlake Corp. v. Commissioner, 112 T.C. 103 (1999) (tentative refunds paid to the former common parent of an affiliated group were paid to the wrong taxpayer; accordingly, the refunds were nonrebate refunds that were not recoverable from the successor common parent through the deficiency procedures).  In short, nonrebate refunds "bear no relation to a recalculation of tax liability."  Acme Steel Co. v. Commissioner, 2003 WL 1960416, at *12.

In the instant case, the refund was a "rebate refund" because respondent recalculated petitioners' tax liability in consequence of the conclusion, albeit erroneous, that they had overstated their Social Security benefits.[7]  See Thomas v. Commissioner, T.C. Memo. 2014-118 (categorizing a refund as a rebate refund in a factually similar case involving Social Security benefits).  In other words, the refund was a rebate refund because of respondent's admittedly erroneous conclusion that "the amount of tax due is less than the tax shown on the return." See Acme Steel Co. v. Commissioner, 2003 WL 1960416, at *12.  Or, as we stated in Lesinski v. Commissioner, T.C. Memo. 1997-234, 1997 WL 266961, at *2, a refund is a rebate refund if it is "related to" the recalculation of the taxpayers' tax liability.

Petitioners received a rebate refund of $1,862.  The portion of that rebate refund attributable to the omitted making work pay credit of $800 was correct. The $1,062 based on the erroneous recalculation of tax liability in respect of

_____

[7] Of the $5,000 discrepancy in gross Social Security benefits 85% was properly taxable at the 25% marginal rate applicable to petitioners' 2010 return, thus resulting in a recalculated tax liability of $1,062.

petitioners' Social Security benefits was not correct and, for the reasons explained above, constituted a deficiency.[8]

Although the Court can appreciate petitioners' frustration in having to repay the erroneous refund paid in respect of what respondent concedes was their proper reporting of Social Security benefits, the fact remains that on the record herein there is no legal basis on which respondent may be estopped from seeking to recover such refund.[9]  See Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988); Century Data Sys., Inc. v. Commissioner, 86 T.C. 157, 165 (1986); see also Dixon v. United States, 381 U.S. 68, 72-73 (1965); McGuire v. Commissioner, 77 T.C. 765, 779-780 (1981).  In sum, petitioners are liable for the tax that the law imposes on their income, and they may not obtain a windfall because of respondent's mistake.

---

[8] The additional $25 of the deficiency is attributable to the admittedly unreported dividends, making a total deficiency of $1,087.  However, the record suggests that such portion of the deficiency may have been determined without regard to the maximum rate prescribed by sec. 1(h) as applicable to qualified dividends.  See sec. 1(h)(11).  For this reason a recomputation of the overall deficiency may be required.

[9] We do not decide nor do we have jurisdiction to decide in the instant case whether any interest accruing on the deficiency attributable to the erroneous rebate refund should be abated pursuant to sec. 6404(e)(2), mandating the abatement of interest under prescribed conditions with respect to erroneous refund checks.

Accordingly, the Court holds that petitioners are liable for the deficiency attributable to the erroneous refund.  <u>Thomas v. Commissioner</u>, T.C. Memo. 2014-118.

To reflect our disposition of the disputed issue, as well as petitioners' concession (subject to the possible modification mentioned <u>supra</u> note 8),

<u>Decision will be entered</u>

<u>under Rule 155</u>.